John C. **ALTSEIMER**, Horizon Helicopters, Dennis N. Westerberg, and Sloane Westerberg, Plaintiffs,

v.

**BELL HELICOPTER TEXTRON INC.,** and Does 1 through 100, inclusive, Defendants.

No. Civ. S–95–1600 WBS/GGH.

United States District Court, E.D. California.

March 20, 1996.

Roger A. Dreyer, Dreyer Babich Buccola and Callaham, Sacramento, CA, for plaintiffs.

Jo Saxe Kerlinsky, Coddington Hicks and Danforth, Redwood City, CA, for defendants.

## MEMORANDUM AND ORDER

SHUBB, District Judge.

Before the court is defendant Bell Helicopter Textron's motion for summary judgment on all the claims in plaintiffs' complaint.

## BACKGROUND

On May 23, 1995, plaintiffs John Altseimer, Horizon Helicopters, Dennis Westerberg, and Sloane Westerberg filed this action for personal injuries, property damage, and economic losses allegedly arising out of a helicopter accident. Bell Helicopter Textron Inc. ("Bell") is the only named defendant. The complaint alleges that Bell designed, manufactured, assembled, tested, fabricated, produced, sold, or otherwise placed in the stream of commerce a defective helicopter and a defective 42 degree gearbox, one of the component parts of the helicopter.[1] The complaint further alleges that Bell failed to provide proper warnings with respect to the negligent and defective design of the helicopter and the 42 degree gearbox.

Bell argues that it is entitled to summary judgment on the grounds that (1) the General Aviation Revitalization Act prohibits lawsuits against aircraft manufacturers arising out of the crash of an aircraft more than 18 years old, and (2) the destruction and rebuild of the "Bell" helicopter, on at least two occasions by unrelated entities, terminated any liability of Bell as manufacturer of the accident aircraft.

## STANDARD OF REVIEW

Summary judgment is appropriate if the record, read in the light most favorable to the non-moving party, demonstrates no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Material facts are those necessary to the proof or defense of a claim, and are determined by reference to the substantive law. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). At the summary judgment stage the question before the court is whether there are genuine issues for trial. The court does not weigh evidence or assess credibility. *Id.*

## DISCUSSION

The General Aviation Revitalization Act of 1994, Pub.L. 103–298, 108 Stat. 1552

---

1. The 42 degree gearbox connects the two tail rotor driveshafts which in turn connect the engine and the tail rotor, and functions as part of the system which provides control over the stability and direction of flight.

(49 U.S.C. § 40101 Note) (1994) ("GARA") is a statute of repose which prohibits all lawsuits against aircraft manufacturers arising out of accidents involving any general aviation aircraft or component part that is more than 18 years old. Section 2(a) of GARA, which sets forth the legislation's basic limitation on civil actions, provides:

(a) Except as provided in subsection (b)[2], no civil action for damages for death or injury to persons or damage to property arising out of an accident involving a general aviation aircraft may be brought against the manufacturer of the aircraft or the manufacturer of any new component, system, subassembly, or other part of the aircraft, in its capacity as a manufacturer if the accident occurred—

(1) After the applicable limitation period beginning on—

(A) The date of delivery of the aircraft to its first purchaser or lessee, if delivered directly from the manufacturer; or

(B) The date of first delivery of the aircraft to a person engaged in the business of selling or leasing such aircraft; or

(2) With respect to any new component, system, subassembly, or other part which replaced another component, system, subassembly, or other part originally in, or which was added to, the aircraft, and which is alleged to have caused such death, injury, or damage, after the applicable limitation period beginning on the date of completion of the replacement or addition.

49 U.S.C. § 40101, Note Section 2(a)(1)–(2). Section 3 defines the "limitation period" as 18 years, and section 2(d) provides that GARA supersedes any State law which permits civil actions such as those described in subsection (a) brought after the applicable 18 year limitation period.

■ Bell has provided undisputed evidence that the helicopter and 42 degree gearbox in question were more than 18 years old at the time of the crash. Parker Decl. ¶¶ 5–11.[3] Bell has also produced undisputed evidence that the pinion gear, a component of the gear box, and purportedly the cause of the crash, was more than 18 years old at the time of the crash. Id. at ¶ 10. Therefore, GARA effectively preempts plaintiffs' action. Although harsh, such a result is consistent with the purpose of GARA to:

establish a Federal statute of repose to protect general aviation manufacturers from long-term liability in those instances where a particular aircraft has been in operation for a considerable number of years. A statute of repose is a legal recognition that, after an extended period of time, a product has demonstrated its safety and quality, and that it is not reasonable to hold a manufacturer legally responsible for an accident or injury occurring after that much time has elapsed.

140 Cong.Rec. H4998, H4999 (daily ed. July 27, 1994) (statement of Rep. Fish).

■ Plaintiffs argue that GARA should not be applied to this action because their claims accrued prior to the enactment of GARA. This contention is without merit. GARA was enacted on August 17, 1994, and plaintiffs did not file their complaint until May 23, 1995. Section 4 of GARA expressly states that "this act shall not apply with respect to civil actions commenced before the date of the enactment of this act." Both Federal and state law provide that a civil action "is commenced by filing a complaint with the court." Fed.R.Civ.P. 3; see also Cal.Civ.Proc.Code § 350. Since, plaintiffs' complaint was filed after the enactment of GARA, their claims are unambiguously subjected to GARA's preemptive provisions.

**2.** Section (b) sets forth exceptions to the 18 year statute of repose, none of which are applicable here.

**3.** Plaintiffs' objection to Parker's declaration on the ground that it is based on a lack of personal knowledge is wholly without merit. Parker, an employee of Bell's for over 30 years, is currently employed in the position of Chief of the Product Assurance Parts Integrity. In that capacity, he is responsible for quality control and for maintaining production records of helicopters manufactured and delivered by Bell and has reviewed all the accident reports pertaining to the crash of the helicopter in this action. Parker Decl. ¶¶ 1–3.

Accordingly, Bell is entitled to summary judgment.

IT IS THEREFORE ORDERED that Bell's motion for summary judgment be, and the same is, hereby GRANTED.