Jennifer WRIGHT, as Personal Representative of Estate of James Malcolm Wright, Jr., Deceased, Plaintiff,

v.

BOND–AIR, LTD., a Michigan corporation for profit; the Cessna Aircraft Company, a foreign corporation for profit; and Teledyne Continental Motors, a division of Teledyne, Inc., a foreign corporation for profit, Defendants.

No. 96–71886.

United States District Court,
E.D. Michigan,
Southern Division.

July 15, 1996.

David Katzman, Broomfield, CO, for Plaintiffs.

Richard Durden, Grand Rapids, MI, Kathryn Humphrey, Detroit, MI, for Defendants.

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

EDMUNDS, District Judge.

This action arises out of a February 5, 1995 airplane crash that killed James M. Wright, Jr. who was piloting a twin engine Model 310L aircraft manufactured and sold by Cessna in October 1967. Plaintiff filed her wrongful death and product liability lawsuit against Defendants in state court alleging claims of negligence and breach of express and implied warranties. Defendants Cessna and Teledyne removed the action to this court claiming it "arises under" federal law, i.e., the General Aviation Revitalization Act of 1994, 49 U.S.C.A. § 40101 Note (West 1996) ("GARA"), thus conferring this court with subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[1] This matter comes before the court by way of this court's order to Defendants to show cause why this matter should not be remanded for lack of subject

---

1. To date, Defendant Bond–Air Ltd. has not been served with Plaintiff's complaint.

matter jurisdiction and by way of Plaintiff's motion to remand.

Plaintiff's motion is **GRANTED.** Plaintiff's state law claims do not "arise under" federal law. GARA does not create a federal cause of action, and Plaintiff's state law cause of action does not present a substantial federal question. GARA creates a national statute of repose and serves a gatekeeping function for Plaintiff's state law action. GARA is narrowly drafted to preempt only state law statutes of limitation or statutes of repose that would permit lawsuits beyond GARA's 18 year limitation period in circumstances where its exceptions do not apply. It does not preempt a state's substantive law regarding negligence or breach of warranty claims. Accordingly, this court concludes consideration of the federal issue presented in Plaintiff's state law action is not sufficiently substantial to confer federal question jurisdiction under 28 U.S.C. § 1331.

## I. Standard of Review

■ The burden of establishing federal jurisdiction rests "clearly upon the defendants as the removing party." *Alexander v. Electronic Data Systems Corp.,* 13 F.3d 940, 949 (6th Cir.1994) (citing *Gafford v. General Electric Co.,* 997 F.2d 150, 155 (6th Cir. 1993)). The court is required to " 'look to the complaint as it existed at the time the petition for removal was filed to determine' the matter of federal jurisdiction raised by the defendant's notice of removal." *Alexander,* 13 F.3d at 949 (quoting *Cromwell v. Equicor–Equitable HCA Corp.,* 944 F.2d 1272, 1277 (6th Cir.1991)).

■ Federal courts are authorized to hear only cases that "arise under" federal law, and courts determine what claims arise under federal law by referencing the "well-pleaded complaint" rule. *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 807–08, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986). "Since a defendant may remove a case only if the claim could have been brought in federal court, 28 U.S.C. § 1441(b), . . ., the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.' " *Merrell Dow,* 478 U.S. at 808, 106 S.Ct. at 3232.

■ Under the well-pleaded complaint rule, jurisdiction is determined from the face of the complaint; not a defense or allegations in the complaint that anticipate a defense. *Caterpillar v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). There are two exceptions to the well-pleaded complaint rule: (1) the "complete preemption" doctrine permits removal when the state law the complaint is based upon has been totally preempted by federal law,[2] and (2) the "artful pleading" doctrine permits removal when the plaintiff has "artfully" pled her complaint to avoid stating the federal law claim her complaint is necessarily based upon. Defendants here do not rely on complete preemption for removal. Instead, they rely on the artful pleading doctrine and claim Plaintiff artfully pled her complaint to disguise its federal nature.

## II. Analysis

■ The United States Supreme Court has observed that, although there is "no 'single, precise definition' " for the phrase "arising under federal law," two inquiries have evolved to help the courts identify cases where federal question jurisdiction exists. The first asks whether federal law creates the cause of action. If the answer is yes, federal question jurisdiction exists. The vast majority of federal question jurisdiction cases fall in this category. *Merrell Dow,* 478 U.S. at 808, 106 S.Ct. at 3232.

If state law creates the cause of action, a second federal-question inquiry applies. This asks whether "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Id.* at 809, 106 S.Ct. at 3232. Or, as stated by the Court in

**2.** *See, e.g., Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (Section 502(a) of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, preempts state law); *Avco Corp. v. International* *Ass'n of Machinists and Aerospace Workers,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) (Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, preempts state law).

*Franchise Tax Bd.,* 463 U.S. at 13, 103 S.Ct. at 2848, whether "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." [3] Defendants admit GARA does not create a federal cause of action. Instead, they point to the second inquiry and argue Plaintiff's state-created cause of action presents a substantial federal question and therefore "arises under" federal law.

## A. The General Aviation Revitalization Act of 1994

■ GARA, which establishes a federal statute of repose, was enacted to revitalize the general aviation industry by protecting manufacturers from liability lawsuits arising out of accidents involving general aviation aircraft or component parts that are more than 18 years old. H.R.Rep. No. 103–525, 103d Congr.2d Sess., pt. 2 (1994), U.S.Code Cong. & Admin.News 1644, 1994 WL 422719, at *5–6 (hereinafter "1994 H.R. Rep."). *See also Altseimer v. Bell Helicopter Textron Inc.,* 919 F.Supp. 340, 342 (E.D.Cal.1996). Unless one of GARA's four exceptions applies,[4] GARA "supersedes any state law to the extent that such law permits a civil action ... to be brought after the applicable limitation period ..." GARA, § 2(d).[5] One of the exceptions is relevant here.

The 18 year limitation does not apply if plaintiff (1) pleads with specificity facts, and (2) proves that (a) the manufacturer knowingly misrepresented, concealed or withheld from the Federal Aviation Administration, (b) required information, (c) that is material and relevant to the performance, maintenance, or operation of the allegedly defective aircraft or component part, and (d) that misrepresentation, concealment or withholding is causally related to the harm allegedly suffered.[6] Defendants Cessna and Teledyne point out that Plaintiff's complaint, without referencing GARA, alleges facts in an attempt to satisfy GARA's § 2(b)(1) exception requirements. Defendants further contend that Plaintiff's artful pleading does not conceal the fact that her complaint presents a federal question sufficient to confer jurisdiction under 28 U.S.C. § 1331.

## B. Substantial Federal Question

■ In *Merrell Dow,* the United States Supreme Court emphasized that "the mere

---

3. The decisions Defendants rely on for the proposition federal question jurisdiction exists when the federal law questions presented in a plaintiff's case are pivotal to resolution of its state law claims, e.g., *State of New York by Abrams v. Citibank, N.A.,* 537 F.Supp. 1192 (S.D.N.Y.1982) and *County of Suffolk v. Long Island Lighting Co.,* 549 F.Supp. 1250 (E.D.N.Y.1982), as well as the United States Supreme Court's decisions in *Merrell Dow* and *Franchise Tax Bd.,* reach back to *Smith v. Kansas City Title & Trust Co.,* 255 U.S. 180, 201, 41 S.Ct. 243, 245, 65 L.Ed. 577 (1921) and fall under this second "substantial federal question" category of "arising under" cases.

4. "The legislation contains exceptions for cases in which the manufacturer has misrepresented certain safety information to the Federal Aviation Administration (FAA), cases in which the claimant was a passenger for purposes of receiving emergency medical treatment, cases in which the claimant was not aboard the aircraft, and cases in which actions are brought under written warranties." 1994 H.R. Rep., 1994 WL 422719 at *3.

5. GARA, as a statute of repose, "supplements traditional statutes of limitation. A statute of limitation is a bar on suits filed more than a specified period of time—usually 2 years or 3 years—after an injury occurs or is discovered. A statute of repose, in contrast, is a bar on suits

brought more than a specified period after the date of manufacture." 1994 H.R. Rep., 1994 WL 422719, at *4–5.

GARA provides a "rolling" 18 year statute of repose. General aviation aircraft is rebuilt on a periodic basis. Over the lifespan of an airplane, its major component parts will be replaced. Each time this occurs, the statutory time period begins again for that component part, subjecting the component part manufacturer to liability in the event of an accident. *Id.* at *6.

6. GARA, Subsection 2(b)(1), provides that "Subsection (a) does not apply—

(1) if the claimant pleads with specificity the facts necessary to prove, and proves, that the manufacturer with respect to a type certificate or airworthiness certificate for, or obligations with respect to continuing airworthiness of, an aircraft or a component, system, subassembly, or other part of an aircraft knowingly misrepresented to the Federal Aviation Administration, or concealed or withheld from the Federal Aviation Administration, required information that is material and relevant to the performance or the maintenance or operation of such aircraft, or the component, system, subassembly, or other part, that is causally related to the harm which the claimant allegedly suffered.

presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow,* 478 U.S. at 813, 106 S.Ct. at 3234. Rather, the Court cautioned, federal question jurisdiction exists only where the federal issue raised in a state cause of action is "substantial." The Court observed that its decision in *Franchise Tax Bd.* demonstrated this point; "the central issue presented in that case turned on the meaning of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (1982 ed. and Supp. III), but we nevertheless concluded that federal jurisdiction was lacking." *Merrell Dow,* 478 U.S. at 809, 106 S.Ct. at 3233.

■ The Court in *Merrell Dow* addressed the propriety of removing plaintiff's negligence action, based in part on the theory the defendant drug manufacturer violated the Federal Food Drug and Cosmetic Act ("FDCA"), to federal court. It concluded that "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" *Id.* at 817, 106 S.Ct. at 3237 (quoting 28 U.S.C. § 1331).

When determining whether the federal issue in a state law cause of action is sufficiently "substantial" so as to confer federal-question jurisdiction, the *Merrell Dow* Court instructed that the court should consider the nature of the federal interest at stake, be sensitive with regard to "judgments about congressional intent, judicial power, and the federal system", and be cognizant of the "need for prudence and restraint in the jurisdictional inquiry". *Id.* at 810, 106 S.Ct. at 3233. Consistent with these mandates, the focal point of the Court's analysis was the fact that the FDCA did not create a federal cause of action for FDCA violations and "Congress did not intend a private federal remedy for violations of the statute that it enacted." *Id.* at 811, 106 S.Ct. at 3233. The Court stressed, "[t]he significance of the necessary assumption that there is no federal private cause of action thus cannot be overstated. For ... it would flout congressional intent to provide a federal remedy for the violation of the federal statute [where the Act did not create one]." *Id.* at 812, 106 S.Ct. at 3234. Accordingly, the Court held that "the congressional determination that there should be no federal remedy for the violation of [FDCA] is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Id.* at 814, 106 S.Ct. at 3235. Thus, the Court concluded that removal in *Merrell Dow* was improper.

The Court also rejected an argument Defendants raise here—that there is a strong federal interest in assuring the federal act is given uniform interpretation and that federal review is the best way to accomplish this goal. First, the Court observed that the defendant's argument should not be "that federal courts should be able to review and enforce state FDCA-based causes of action as an aspect of federal-question jurisdiction, but that the FDCA preempts state-court jurisdiction over the issue in dispute." *Id.* at 816, 106 S.Ct. at 3236. Next, it observed that defendant's uniformity argument "is considerably mitigated by the fact that, even if there is no original district court jurisdiction for these kinds of actions, this Court retains power to review the decision of a federal issue in a state cause of action." *Id.* The *Merrell Dow* Court also rejected the defendant's argument that the novelty of the federal issue confers federal-question jurisdiction. *Id.* at 817, 106 S.Ct. at 3236–37.

■ Defendants Cessna and Teledyne argue a substantial federal question exists here because GARA creates a federal condition precedent that Plaintiff must necessarily plead and prove. Without such proof, a court cannot recognize that Plaintiff's state law cause of action has accrued and cannot permit her state-law tort claims to be litigated. Specifically, Plaintiff must allege and prove that Defendants, in connection with the Federal Aviation Administration ("FAA")'s certification process, which is defined exclusively by federal law in federal aviation regulations (FARs or CFRs), know-

ingly misrepresented, concealed or withheld "required information" from the FAA.

 In accord with the teachings of *Merrell Dow,* this court considers the federal interest at stake here. It cannot ignore the fact that GARA does not create a federal cause of action. Rather, GARA is a statute of repose and merely serves a gatekeeping function for Plaintiff's state law cause of action. There is nothing in GARA's legislative history to support an argument that Congress intended GARA to create a body of federal common law. Nor does the Act preempt a state's substantive law regarding negligence or breach of warranty claims. Rather, GARA is narrowly drafted to preempt only state law statutes of limitation or repose that would permit lawsuits beyond GARA's 18 year limitation period in circumstances where its exceptions do not apply.

 GARA's legislative history reveals Congress intended GARA to be "viewed as a narrow and considered response to the 'perceived' liability crisis in the general aviation industry. Rather than seeking to revise substantially a number of substantive and procedural matters relating to State tort law, as earlier legislative efforts would have done, ... [it] is limited to creating a statute of repose." 1994 H.R. Rep., 1994 WL 422719 at *6. Thus, Congress intended GARA "to prempt[ ] State law in this one extremely limited instance", and "in cases where the statute of repose has not expired, State law will continue to govern fully, unfettered by Federal interference." *Id.* As the federal district court recently observed in *Rickert v. Mitsubishi Heavy Industries, Ltd.,* 929 F.Supp. 380, (D. Wyo.1996), "GARA erects a formidable first hurdle" to a plaintiff bringing a product liability lawsuit against a general aviation aircraft manufacturer, but once a plaintiff "leaps GARA's knowing misrepresentation exception", her case goes forward and she "then faces the usual product liability obstacles." *Id.* at 383. Unlike the *Citibank* and *County of Suffolk* cases Defendants rely upon, this case does not involve a situation where the exact same conduct is proscribed by federal and state statutes. *See State of Vermont v. Oncor Communications, Inc.,* 166 F.R.D. 313, 316–318, (D.Vt., 1996); *Com. of Ky., ex rel. Gorman v. Comcast Cable,* 881 F.Supp. 285, 289 (W.D.Ky.1995) (distinguishing *Citibank* because there the state law claims relied entirely upon violations of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq.).

 Also, in accord with the Court's teachings in *Merrell Dow,* the mere fact GARA requires consideration of FAA regulations, does not raise a sufficiently substantial federal issue so as to confer federal question jurisdiction. As this court recognized in *Margolis v. United Airlines, Inc.,* 811 F.Supp. 318 (E.D.Mich.1993), the Federal Aviation Act of 1958 (FAA), as amended by the Airline Deregulation Act of 1978 (ADA), 49 U.S.C.A.App. § 1301–1551, does not preempt traditional state law claims for negligence and does not provide for a private right of action for violations of FAA regulations. Accordingly, this court concludes Plaintiff's complaint alleging violations of FAA regulations in an attempt to invoke a GARA exception, when Congress has determined that there should be no private federal cause of action under GARA and when Congress has not provided a private federal remedy for FAA violations, does not state a claim "arising under" federal law. The federal issue presented in Plaintiff's state law cause of action is not sufficiently substantial as to confer federal question jurisdiction under 28 U.S.C. § 1331.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED** and Plaintiff's action is hereby **REMANDED** to Oakland County Circuit Court.

SO ORDERED.

### JUDGMENT

The court having reviewed the pleadings in this matter and being fully advised in the premises;

IT IS HEREBY ORDERED AND ADJUDGED that Plaintiff's motion to remand is hereby **GRANTED** and the case is hereby

**REMANDED** to Oakland County Circuit Court.