**Justin GREER et al., Plaintiffs,**

v.

**FEDERAL EXPRESS
et al., Defendants.**

No. 3:99CV–184–H.

United States District Court,
W.D. Kentucky,
at Louisville.

Oct. 6, 1999.

John W. Bland, Jr., Bland & Birdwhistell, Elizabethtown, KY, for plaintiffs.

Lee K. Garlove, Louisville, KY, for defendant Federal Express.

David L. Van Zant, Huddleston & Van Zant, P.S.C., Elizabethtown, KY, for defendants.

## MEMORANDUM AND ORDER

HEYBURN, District Judge.

Federal Express has asked the Court to reconsider its Memorandum and Order dated August 19, 1999, in which it sustained Plaintiffs' motion to remand this case to state court. The Court has carefully reviewed and reconsidered its original opinion in light of the new authorities and arguments. That process causes the Court to now revise, simplify and hopefully clarify its previous opinion. The result, however, is unchanged.

Plaintiffs' action in Hardin Circuit Court asserted state common law claims for breach of contract and negligence. Federal Express removed on the alleged basis of federal question jurisdiction in that Plain-

tiffs' claims arise under and are governed by federal common law. To consider remand from this rarely employed basis for federal jurisdiction requires the Court to determine the scope of preemption under the Airline Deregulation Act, 49 U.S.C. § 41713(b)(4)(A) (1994) (the "ADA"); whether Plaintiffs may assert federal or state common law claims of breach of contract and negligence for an untimely package delivery; and whether the possible application of federal common law to some part of any state claims confers federal jurisdiction.

## I.

These questions arise because Plaintiffs Justin Greer and Marlene Greer, d/b/a/ Greer's Tree Service in Elizabethtown, Kentucky, needed to deliver a sealed bid for a Commonwealth of Kentucky contract. They took the sealed bid to Randy Osborne d/b/a Packages & More and requested delivery to the appropriate address in Frankfort, Kentucky (less than 100 miles away) no later than 10:30 a.m. the following day, the bid submission deadline. They did not insist upon any particular company or carrier, only that the package arrive on time. Agents or employees of Randy Osborne selected Federal Express to deliver the package, thinking it the most reliable service. The package did not arrive at the proper address on time.[1] As a result, Plaintiffs' proposal was not considered during the competitive bidding procedure. According to Plaintiffs, their bid was the lowest, and, but for the bid's late arrival, they would have been awarded the contract. Plaintiffs allege that because of the late delivery of the package, they have suffered damages in the amount of $1,136,-100.00.

## II.

■ Defendants may remove any civil action brought in State court to a federal district court having original jurisdiction over the matter. *See* 28 U.S.C. § 1441(a)(1994). Because Plaintiffs have pled only state common law claims, the Court has original jurisdiction if the claims in fact arise under federal common law, *see Illinois v. City of Milwaukee, Wisconsin,* 406 U.S. 91, 99–100, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972) (*citing Romero v. International Terminal Operating Co.,* 358 U.S. 354, 393, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959) (Brennan, J., dissenting in part and concurring in part)), or if the claims arise under state common law but are so completely preempted that even the preemption question itself must be removed to the federal system. *See Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 9–12, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Federal Express removed this case based on these criteria. This Court concludes that the analysis found in *American Airlines, Inc. v. Wolens,* 513 U.S. 219, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995), and *Musson Theatrical, Inc. v. Federal Express Corp.,* 89 F.3d 1244 (6th Cir.1996), decides whether that removal was appropriate.

■ As to Plaintiffs' contract claim, *Wolens* provides the primary and necessary guidance. The Supreme Court stated that it is not "plausible that Congress meant to channel into federal court the business of resolving, pursuant to judicially fashioned federal common law, the range of contract claims relating to airline rates, routes, or services. The ADA contains no hint of such a role for the federal courts." *Wolens,* 513 U.S. at 232, 115 S.Ct. 817. The ADA permits state-based adjudication of routine breach of contract claims, the Supreme Court concluded, so long as the state courts confine themselves to construing the parties' bargain. *Id.* at 232–33, 115 S.Ct. 817.[2] Thus, *Wolens* stands for the rule that the ADA does not preempt

---

**1.** The package was delivered about one-half hour after the bid opening.

**2.** *Wolens* does say that the ADA does preempt unfair and deceptive trade practices claims.

*See Wolens,* 513 U.S. at 233, 115 S.Ct. 817. However, Plaintiffs have made no such claims in this case.

state contract claims, such as those asserted here. *See also Musson,* 89 F.3d at 1251 ("the Supreme Court has expressly rejected the possibility that the ADA leaves room for a federal common law cause of action against air carriers, at least in regard to breach of contract claims").

 Since any duty owed by the Defendants to the Plaintiffs necessarily arose from the delivery agreement between the parties, the Court does not perceive Plaintiffs' "negligence" claim as distinct from its claim for breach of contract. But even if the allegations of negligence state a claim in tort, there is no federal common law cause of action. Building upon the analysis in *Wolens, Musson* again provides proper guidance. In *Musson,* the Sixth Circuit held that claims for common law fraud and negligent misrepresentation did not exist under federal common law, and the Court concluded that the statutory enactments up to and including the ADA did not authorize federal courts to create a new federal common law tort action. *See Musson,* 89 F.3d at 1250–52. Here, Defendants do not even allege an existing federal tort common law. The Court is unaware of any post *Wolens* cases establishing a federal common law tort for loss, delay or damage to cargo shipped by an air carrier. Since Federal Express has failed to identify an existing basis for a federal common law action for tortious negligence and to argue that the Court should create such an action, the *Musson* holding eliminates any positive basis for federal jurisdiction on the negligence claim.

 The *Musson* court also rejected the notion that Congress intended the ADA's preemption provision to "completely preempt" state law claims, the only other avenue for a successful removal in this case. *See Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 9–12, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *see also Avco Corp. v. Aero Lodge No. 735,* 390

U.S. 557, 560–62, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). The *Musson* district court *sua sponte* took jurisdiction over simultaneously pending state law actions and dismissed them on a theory of "complete preemption." The Sixth Circuit vacated the district court's actions, stating that "the ADA ... did not intend to 'channel actions into federal court' [and] *only* a state court, or a federal court sitting in diversity, is an appropriate forum for resolution of [Plaintiffs' state] claims." *Id.* at 1253 (*citing and quoting Wolens,* 513 U.S. at 232, 115 S.Ct. 817). Complete preemption occurs only when the preemptive force of a federal statute is so powerful as to displace entirely any state cause of action. Such preemptive force is extraordinary, and will be found on the rare occasion that Congress clearly manifests an intent to transfer the question of preemption itself into the exclusive jurisdiction of the federal courts. *See Strong v. Telectronics Pacing Systems, Inc.,* 78 F.3d 256, 259 (6th Cir. 1996) (only twice has the Supreme Court discerned complete preemption in a statutory scheme). The Sixth Circuit, therefore, determined that the ADA does not completely preempt state court jurisdiction. Thus, Plaintiffs may file in state court and frame the complaint as one involving contract and negligence claims under state common law.

Despite the prevailing Sixth Circuit law, Defendants rely on the reasoning of *Sam L. Majors Jewelers v. ABX, Inc.,* 117 F.3d 922 (5th Cir.1997), and a more recent Ninth Circuit case, *Read–Rite Corp. v. Burlington Air Express Ltd.,* 186 F.3d 1190 (9th Cir.1999). In *Sam L. Majors,* the Fifth Circuit agreed with the *Wolens* conclusion that Congress did not intend the federal courts to have exclusive subject matter jurisdiction over preemption defenses to state law claims against air carriers. *See id.* at 925. However, the *Majors* court went on to conclude that prior to deregulation a federal common law governed negligence actions against air carriers for lost goods. *See id.* at 929.[3] This

---

3. Other cases cited by Defendants are distinguishable either because they were decided

before *Wolens* or because the state law claims

Court concludes that, to the extent the Fifth Circuit found a prior federal common law cause of action saved by the ADA or its predecessors, it is at odds with *Musson*.[4] The Fifth Circuit seems to acknowledge this indirectly. *See id.* at 927 n. 9.

The *Burlington* case did not directly concern the question of whether federal jurisdiction existed, but rather the somewhat related · question of whether federal common law applied to loss of or damage to goods "by air carriers." To the extent the Ninth Circuit concluded that the various statutory "savings clauses" have preserved a federal common law cause of action in negligence or contract for delayed shipments, such a rule is also at odds with *Musson* and cannot supplant the Sixth Circuit's holding in Kentucky.

 Much of Defendants' argument hinges upon the assertion that federal common law governs the limitation of liability provisions in its contract. This certainly seems to be true. However, any federal limitations of liability create only a defense to the state law claims, rather than a federal common law cause of action. The existence of a federal defense has long been held an insufficient basis for federal question jurisdiction. *See Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112–16, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152–53, 29 S.Ct. 42, 53 L.Ed. 126 (1908); *Musson*, 89 F.3d at 1252 (*citing Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–67, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). Plaintiffs have asserted state law claims. As Judge Boggs noted, there is "no evidence that Congress intended the federal courts to have exclusive subject matter jurisdiction over the preemption defenses to state law claims against air carriers." *Musson*, 89 F.3d at 1253. Our federal system trusts state courts to decide the application of federal defenses to state law claims, and this

---

in those cases generally are recognized as explicitly preempted because they related directly to "a price, route, or service of an air carrier" in violation of the ADA's preemption provisions. 49 U.S.C. § 41713(b)(4)(A) (1994). For example, in *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992), the Supreme Court found the National Association of Attorneys General guidelines attempting to regulate the airlines to be preempted.

4. The Fifth Circuit held that "civil actions against air carriers for lost or damaged goods arose under federal law" because such a claim had existed previously. *Sam L. Majors Jewelers v. ABX Inc.*, 117 F.3d 922, 928 & nn. 11–12 (5th Cir.1997). The *Majors* court cited four cases to support this holding, but this Court is not convinced that those cases provide sufficient support for such a conclusion.

*North American Phillips Corp. v. Emery Air Freight Corp.* did hold that a federal cause of action exists, but its reasoning was suspect. After finding that the federal interest in uniformity of application of the rules limited liability in these situations, *see* 579 F.2d 229, 232–33 (2d Cir.1978), the *Phillips* court extrapolated that uniform, federal defense into a positive cause of action: "a carrier's valid federal tariffs which are applicable to the shipment at issue govern not only the nature and extent of its liability, but also the nature and extent of the shipper's right of recovery."

*Id.* at 233. Of course, any defense will affect the extent of liability, but converting that constraint into an underlying cause of action does not follow.

*Klicker v. Northwest Airlines, Inc.*, did not hold that a cause of action arises under federal common law for goods damaged in transport. It held only that federal common law might apply to the measure of damages under the state law cause of action. In that case, "[j]urisdiction was founded on diversity," and "[f]ederal common law, rather than state law may be applicable" to the measure of damages, though state law might even apply to that narrow question. 563 F.2d 1310, 1316 n. 10 (9th Cir.1977). Similarly, in *Tishman & Lipp, Inc. v. Delta Air Lines*, jurisdiction on removal was based upon diversity of citizenship as well as the limitation defense provided by the Federal Aviation Act of 1958. *See* 413 F.2d 1401, 1402 (2d Cir.1969).

*Lichten v. Eastern Airlines, Inc.* held that the Civil Aeronautics Board, under authority of the federal Civil Aeronautics Act, could abrogate long-standing federal and state common law on the limits of liability through its administrative remedies. It did *not* hold that a federal common law cause of action existed. *See* 189 F.2d 939, 941 (2d Cir.1951). Though the basis for federal jurisdiction is not discussed, it should be noted that the parties were diverse. *See id.* at 940.

Court will permit them to do so. For all these reasons, Defendants' removal was inappropriate.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to reconsider is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' motion to remand is SUSTAINED and this case is remanded to Hardin County Circuit Court.