Patricia **LITCHFIELD** d.b.a. Midwest
Productions, Plaintiff,

v.

**UNITED PARCEL SERVICE,
INC., Defendant.**

No. C2–99–965.

United States District Court,
S.D. Ohio,
Eastern Division.

July 10, 2000.

William D. Kloss, Vorys, Sator, Seymour and Pease, Columbus, OH, for plaintiff.

John W. Zeiger, Timothy R. Bicker, Zeiger & Carpenter, Columbus, OH, Charles M. Shaffer, Jr., Scott L. Marrah, David L. Green, King & Spaulding, Atlanta, GA, for defendant.

## OPINION AND ORDER

SARGUS, District Judge.

This matter is before the Court for consideration of Defendant's Motion to Dismiss (Doc. # 2) and Plaintiff's Motion to Remand (Doc. # 6). For the reasons that follow, the Court grants the Plaintiff's Motion to Remand her state law conversion claim. In light of this disposition, the Motion to Dismiss filed by Defendant UPS, is rendered moot.

## I.

This action was originally filed in the Franklin County Common Pleas Court as one for conversion under state common law. The action was removed to this Court on the basis of federal question jurisdiction. 28 U.S.C. §§ 1331; 1441. The Defendant asserts that Plaintiff's claim arises under the Federal Aviation Administration Act of 1994 ["FAAA"], 49 U.S.C. § 41713.

Plaintiff, Patricia Litchfield, d.b.a. Midwest Productions, asserts that the Defendant, United Parcel Service ["UPS"] removed checks contained within packages sent by and to the Plaintiff and that UPS then deposited these funds into various corporate accounts. Plaintiff is the sole proprietor of Midwest Productions, a business that conducts and coordinates charitable fund-raising efforts for various businesses and organizations. (Complaint at ¶ 1). During November of 1996, Plaintiff was hired to coordinate fund-raising efforts across several midwestern states for A & S Productions. (Id. at ¶ 4). In order to transmit contributions collected by Plaintiff, A & S provided a UPS account (No. 7E–77E7); this account was opened in the name of Midwest Productions. All shipping bills were directed to A & S Productions. (Id. at ¶ 6).

In June of 1997, Plaintiff began receiving complaints from its sub-contractors who had not received their commission for funds raised and submitted to Plaintiff. (Complaint at ¶ 10). During the course of these conversations, Plaintiff learned that it had not received the funds in question and that a number of packages sent via UPS appeared to have had been "lost." (Id.). Plaintiff and its contractors then initiated traces on the missing packages; these traces indicated that UPS was holding approximately 12 packages sent to or from Plaintiff. (Id. at ¶ 11).

In August of 1997, UPS employee Donald Palmer informed Plaintiff's contractors that it would not release the packages and would continue to seize shipments unless $10,000 was paid towards Account No. 7E–77E7. (Complaint at ¶ 12). Mr. Palmer further stated that UPS had a right to open and inspect the packages, and indicated that he knew the packages in question contained checks. (Id.). The initial 12 packages were subsequently released to

Plaintiff, after action taken by her lawyer. (*Id.* at ¶ 13).

Beginning in late 1997, however, UPS resumed seizing packages being sent to or from Plaintiff. (Complaint at ¶ 14). Plaintiff repeatedly requested return of the missing packages. (*Id.* at ¶ 17). During this time, UPS opened 11 packages, removed the checks contained within, endorsed the checks and deposited them into its corporate accounts. (*Id.* at ¶¶ 14, 15). According to the Complaint, at no time did UPS have permission from the Plaintiff or its contractors to convert these funds. (*Id*). The total funds allegedly converted equal $5400. (*Id.* at ¶ 15).

Plaintiff filed suit in the Franklin County Court of Common Pleas on August 25, 1999. (Defendant's Notice of Removal at ¶ 1). Defendant subsequently removed the action to this Court on September 27, 1999 on the basis that Plaintiff's claim is preempted by federal law. Plaintiff disputes this contention and seeks remand of her claim. The Defendant seeks dismissal on the basis that Plaintiff's complaint fails to state a basis for relief. Fed.R.Civ.P. 12(b)(6). The Court will first consider the propriety of removal to this Court.

## II.

### A. Removal Standard and the Well–Pleaded Complaint Rule

28 U.S.C. § 1441 governs removal of actions from state to federal court. The statute provides in relevant part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending ....

(b) Any civil action of which the district courts have original jurisdiction founded

on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties ....

28 U.S.C. § 1441.

■■■■ Removal jurisdiction exists where the federal court would have had original jurisdiction over the claim. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). The removing party bears the burden of establishing that removal was proper. *Ahearn v. Charter Township of Bloomfield,* 100 F.3d 451, 453–54 (6th Cir.1996). It is well-established that, as master of his complaint, a plaintiff may avoid federal question jurisdiction by relying exclusively on state law. *Id.* at 456. However, a cause of action under federal law exists for purposes of original jurisdiction and removal, if the plaintiff's "well-pleaded complaint" presents a federal issue. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Thus, the Court's review of the propriety of removal is based upon the complaint. *Pullman Co. v. Jenkins,* 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334 (1939); *Cromwell v. Equicor–Equitable HCA Corp.,* 944 F.2d 1272, 1277 (6th Cir.1991), *cert. denied,* 505 U.S. 1233, 113 S.Ct. 2, 120 L.Ed.2d 931 (1992).

■■■■ A defense based upon preemption of plaintiff's claims by federal law does not appear on the face of the well-pleaded complaint, and thus, is an improper basis for removal. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). However, an exception to the well-pleaded complaint rule exists when the federal law gives rise to "complete preemption." *Warner v. Ford Motor Co.,* 46 F.3d 531, 534 (6th Cir.1995). Under this doctrine, the preemptive force of a statute may be

so extraordinary that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. at 65, 107 S.Ct. 1542. This doctrine is narrowly interpreted. *Id.*

## B. Application

Defendant in the case at bar asserts that Plaintiff's state law conversion claim is actually a "failure to deliver" claim within the purview of the preemptive provision of the Federal Aviation Administration Authorization Act of 1994 ["FAAA"]. The FAAA states, in pertinent part:

> Except as provided in subparagraph (B), a State ... may not enact or enforce a law, regulation, or other provision having the force and effect of law *related to a price, route, or service* of an air carrier or carrier affiliated with a direct air carrier ... when such carrier is transporting property by aircraft or by motor vehicle ....

49 U.S.C.A. § 41713(b)(4)(A) (emphasis added).

Plaintiff, however, asserts that the foregoing language was taken directly from the Airline Deregulation Act of 1978 ("ADA"). Consequently, in seeking remand of her claim, Plaintiff looks to the scope of preemption under the ADA which, as the Court will explain below, holds that state actions which have only a tenuous relation to prices, routes, or services are not preempted. Additionally, Plaintiff relies upon the ADA savings clause in support of her motion to remand. The savings clause states that "[a] remedy under this part is in addition to any other remedies provided by law." 49 U.S.C. § 40120(c). In order to assess the propriety of removal of Plaintiff's claim to this Court, the Court must first consider the preemptive scope of the FAAA and the impact of the ADA on this analysis.

The FAAA preemption provision is, indeed, virtually identical to that contained in the ADA. While the United States Supreme Court has not considered the FAAA provision, the Court has twice ruled on the scope of the ADA preemption provision. The Supreme Court first considered the scope of preemption under the ADA in *Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992). Focusing on the statutory language of "relating to," the Court concluded that the statute expressed "a broad preemptive purpose." The Court held that any state actions "having *a connection with or reference to* ... 'rates, routes or services'" were preempted. *Id.* at 384, 112 S.Ct. 2031 (emphasis added). The *Morales* Court noted, however, that "some state actions may affect [airline fares] in too tenuous, remote or peripheral a manner" as to have a preemptive effect. *Id.* at 390, 112 S.Ct. 2031.

Two years later, the Supreme Court held that the ADA did not prohibit state court enforcement of contracts between private parties and airline carriers. *American Airlines, Inc. v. Wolens,* 513 U.S. 219, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995). In particular, the Court stated: "[W]e do not read the ADA's preemption clause ... to shelter airlines from suits alleging no violation of state-imposed obligations, but seeking recovery solely for the airline's alleged breach of its own, self-imposed undertakings." *Id.* at 228, 115 S.Ct. 817. In determining the relation of state action to rates, routes, or services, the *Wolens* Court found that "services" could not be delineated based on characterizing the action in dispute as a "matter 'essential' from matters unessential to airline operations." *Id.* at 226, 115 S.Ct. 817.

Courts within the Sixth Circuit have held that state common law claims are not preempted by the ADA. *See Margolis v.*

*United Airlines,* 811 F.Supp. 318, 323 (E.D.Mich.1993) (personal injury/negligence claim not preempted since the savings clause indicates no intent to preempt traditional state law claims); *In re Air Disaster,* 819 F.Supp. 1352, 1362–64 (E.D.Mich.1993) (negligence claim arising from airplane collision not preempted because services resulting in crash were not like those directly provided by airline personnel, e.g. ticketing and boarding, and therefore were too tenuously related); *Seals v. Delta Air Lines, Inc.,* 924 F.Supp. 854, 859 (E.D.Tenn.1996) (ADA did not preempt negligence claims under state law because personal injury suits do not relate to services provided by air carriers); *Wright v. Bond–Air, Ltd.,* 930 F.Supp. 300, 305 (E.D.Mich.1996) (relying on *Margolis* to remand negligence claim to state court); *Musson Theatrical Inc. v. Federal Exp. Corp.,* 89 F.3d 1244, 1253 (6th Cir.1996) (common law claims for fraud and misrepresentation not preempted because ADA expresses no Congressional intent to make federal court the exclusive forum); *Wellons v. Northwest Airlines,* 165 F.3d 493 (6th Cir.1999) (state law claims of discrimination, intentional infliction of emotional distress, fraud, and misrepresentation not preempted by the ADA because only "tenuously related" to services since they did not impact air safety or market efficiency).

The Sixth Circuit has not yet determined whether a state law claim for conversion sufficiently relates to the prices, routes, or services of an air carrier so as to be preempted. Courts in other jurisdictions have, however, specifically held that state law conversion claims *directly* related to prices, routes or services are preempted. *See Kaucky v. Southwest Airlines Co.,* No. 96–C–750, 1996 WL 267875 (N.D.Ill. May 17, 1996) (claim for conversion of unreturned excise tax preempted by ADA because relates directly to price); *Vieira v. United Parcel Service, Inc.,* No. C95–04697, 1996 WL 478686 (N.D.Cal. Aug.5, 1996) (conversion claim for packages not arriving at shipping location preempted as arising from and related to UPS's services). While these cases are not identical to the situation at bar, the Court nonetheless finds the analysis helpful in this case as the preemptive provisions of the FAAA and the ADA are nearly identical [1].

With the foregoing principles in mind, the Court turns to consideration of whether the Plaintiff's conversion claim is preempted by federal law. As the Supreme Court stated, in determining whether a claim relates to prices, routes, or services so as to be preempted, the Court must look at the nature of the action. *Morales,* 504 U.S. at 387–88, 112 S.Ct.

---

1. As a side issue, the Court notes that the Plaintiff refers to the ADA using the same statutory citation by which the Defendant cites to the FAAA. The Defendant cites to 49 U.S.C. §§ 14501(c)(1), 41713(b)(4) (1997), (Defendant's Motion to Dismiss at 5), and the Plaintiff cites to 49 U.S.C. § 41713(b)(4)(a) (1997). (Plaintiff's Memorandum contra at 4). In an attempt to clarify, the Defendant cites to the ADA as 49 § 41714(b)(1)-(3). (Defendant's Reply at 4). According to the U.S.C.A. Popular Name Table, the ADA is properly cited as 49 U.S.C.A.App. § 1301—1308. Indeed, many decisions prior to 1994 commonly cite the ADA as 49 U.S.C.App. § 1305(a)(1). By the same source, the FAAA, and only the FAAA, is cited as 49 U.S.C.A.

§ 41713. Subsections 1301—1308, however, have been deleted from Title 49 of the U.S.C. and re-codified. Sections 1305(a), (b)(1), (c) and (d) in particular have been incorporated into § 41713 as of January 12, 1983. 49 U.S.C.App. § 1305 (2000). As both Supreme Court rulings *supra,* pre-date the FAAA enactment in 1994, there is confusion among the courts as to which statute is the proper citation. Consequently, many court decisions interpreting the ADA are actually citing the FAAA. Most notable are the two most recent decisions in this Circuit, *Wellons v. Northwest Airlines,* 165 F.3d 493 (6th Cir.1999), and *Federal Express Corp. v. U.S. Postal Service,* 55 F.Supp.2d 813 (W.D.Tenn.1999).

2031. Defendant in this case correctly asserts that Plaintiff's claim arises from a failure to perform its traditional services, *i.e.,* the delivery of packages between Litchfield and her business contacts/customers. As delivery is the key service that UPS provides, the Court finds that Plaintiff's claims are arguably more than "tenuously related" to the prices, routes or services of the Defendant for purposes of the FAAA. In addition, in the context of the ADA, the Sixth Circuit has specifically held that "those actions resulting from services provided by individual airline employees directly to passengers, such as ticketing, boarding..." are "related to" the airline's services. *In re Air Disaster,* 819 F.Supp. 1352, 1361 (E.D.Mich.1993). By analogy, in the case at bar, the delivery of packages, or a failure to deliver the same, is an action that "directly results" from the services provided by UPS and its employees.

In ADA cases, the Sixth Circuit has, however, begun with "a presumption that Congress does not intend to supplant state law." *Wellons,* 165 F.3d at 494. In this light, the Sixth Circuit has found that Congress did not intend the ADA to completely preempt state claims. *Musson,* 89 F.3d at 1253; *Greer v. Federal Express,* 66 F.Supp.2d 870 (W.D.Ky.1999); *In re Air Disaster,* 819 F.Supp. at 1365. *See also Sam L. Majors Jewelers v. ABX, Inc.,* 117 F.3d 922 (5th Cir.1997) (agreeing with Sixth Circuit's conclusion that Congress did not intend to completely preempt state law under the ADA). Consequently, only those state law claims "related to" prices, routes, or services in a manner that does not run counter to the purpose of the ADA are preempted. *Wellons,* 165 F.3d at 496. Furthermore, this Court observes that the Supreme Court as well as the Sixth Circuit have limited application of the complete preemption exception to the well-pleaded complaint rule to only two statutes—the Employee Retirement Income Security

Act ["ERISA"], 29 U.S.C. § 1144(a), and the Labor Management Relations Act ["LMRA"], 29 U.S.C. § 185(a). *See Musson, supra.* Consequently, this Court is reluctant to extend the complete preemption exception to the FAAA.

■ The Court also observes that the FAAA and the ADA do not provide a private cause of action for one in Plaintiff's position. The Defendant nonetheless argues that federal common law encompasses claims arising from the transportation of packages in interstate commerce. *See Read–Rite Corp. v. Burlington Air Exp., Ltd.,* 186 F.3d 1190 (9th Cir.1999), citing *Deiro v. American Airlines, Inc.,* 816 F.2d 1360, 1365 (9th Cir.1987); *Sam L. Majors v. ABX, Inc.,* 117 F.3d 922, 929 n. 16 (5th Cir.1997). The Sixth Circuit has, however, dismissed claims for fraud and misrepresentation alleged under federal common law because "the authority to create a federal common law rule without reference to a statute or the Constitution exists only 'in such narrow areas as those concerned with the rights and obligations of the United States, interstate or international disputes implicating the conflicting rights of the States, and admiralty cases.'" *Musson,* 89 F.3d at 1249, citing *Smith v. Dearborn,* 982 F.2d 976, 981 (6th Cir.1993).

The Sixth Circuit has further acknowledged that the Supreme Court "expressly rejected the possibility that the ADA leaves room for a federal common law cause of action against air carriers, at least in regards to breach of contract claims." *Musson,* 89 F.3d at 1251. The District Court in *Greer* recently followed *Musson,* holding that the ADA does not authorize courts to create federal common law tort actions. *Greer,* 66 F.Supp.2d at 873. The *Greer* court further distinguished the reasoning in *Sam L. Majors Jewelers v. ABX, Inc.,* 117 F.3d 922 (5th Cir.1997), in which the Fifth Circuit held that federal common

law actions are preserved by the ADA savings clause. In *Greer,* the court concluded that because the claim at issue concerned lost cargo rather than a breach of promise to deliver on time, that a federal common law claim did not arise. *Greer,* 66 F.Supp.2d at 873–74. Since Plaintiff in the case at bar alleges her cargo was ***converted,*** and ***not lost,*** this Court also concludes that a federal common law claim does not exist. In addition, the Court finds Defendant's position, that Plaintiff's claim is preempted and yet fails to state a claim for relief, untenable. The Court finds it highly improbable that Congress, in enacting the FAAA and ADA, desired to leave one in the Plaintiff's position without any available recourse.

In sum, because the Plaintiff's complaint does not allege a federal claim on its face, and because the Court concludes that the complete preemption exception to the well pleaded complaint rule does not operate to convert Plaintiff's claim as arising under federal law, this Court is without jurisdiction over the instant action. Plaintiff's state law conversion claim was not properly removed to this Court and, consequently, remand of the claim to the state court is warranted.

### III.

In light of the foregoing, the Plaintiff's Motion to Remand (Doc. # 6) is **GRANTED.** The Defendant's Motion to Dismiss (Doc. # 2) is **DENIED as MOOT.** The Clerk is hereby **DIRECTED** to transmit this case to the Franklin County Court of Common Pleas for further proceedings.

**IT IS SO ORDERED.**