STRATEGIC ASSETS, INC. Plaintiff,

v.

FEDERAL EXPRESS
CORPORATION,
Defendant.

No. 3:00–CV–1259.

United States District Court,
M.D. Tennessee,
Nashville Division.

Oct. 2, 2001.

George Edward Barrett, Douglas S. Johnston, Jr., Barrett, Johnston & Parsley, Nashville, TN, Michael M. Buchman, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, New York City, for Plaintiff.

R. Jeffrey Kelsey, Richard R. Roberts, Dwayne S. Byrd, Federal Express Corp., Memphis, TN, for Defendant.

## MEMORANDUM

ECHOLS, Chief Judge.

Presently pending before the Court are the following motions: (1) Plaintiff's Motion to Stay Resolution of Defendant's Motion for Change of Venue Until Resolution of Plaintiff's Motion to Remand (Docket Entry No. 7); (2) Plaintiff's Motion to Remand to Circuit Court and for an Award of Fees and Expenses (Docket Entry No. 9); and (3) Defendant's Motion for Change of Venue (Docket Entry No. 4).

I.

On November 28, 2000, Plaintiff initiated this class action in the Circuit Court for Davidson County, Tennessee, alleging breach of contract and unjust enrichment claims in connection with the delivery of letters and packages via Federal Express Corporation ("Fed–Ex") Priority Overnight service on behalf of "[a]ll persons or entities who have not received refunds under Fed–Ex's money back guarantee and who, within the three years preceding the date of this complaint, contracted and paid for Fed–Ex Priority Overnight delivery service or its equivalent but did not receive Fed–Ex Priority Overnight Service as set forth in the Service Guide." (Ex. B to Docket Entry No. 1, Compl. ¶ 17).

On December 21, 2000, Defendant removed Plaintiff's action to this Court, asserting that "the claims asserted by the plaintiff and the liability of the defendant, if any, are governed by principles of federal common law applicable to shipments transported in interstate commerce by a federally certified air carrier such as Federal Express ... The federal common law which governs this case completely preempts any state law causes of action." (Docket Entry No. 1, Notice of Removal).

Defendant thereafter filed a Motion for Change of Venue pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Western District of Tennessee. (Docket Entry No. 4). In turn, Plaintiff filed a Motion to Remand this action to Davidson County Circuit Court. (Docket Entry No. 9). Plaintiff also moved the Court to stay resolution of Defendant's Motion until the Court ruled on Plaintiff's Motion to Remand. (Docket Entry No. 7). The Court heard oral argument on Plaintiff's Motion to Remand on August 31, 2001.

In this Circuit, jurisdictional issues should be decided as soon as practicable.

*See Franzel v. Kerr Mfg. Co.,* 959 F.2d 628, 629 (6th Cir.1992); *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 527, 533 (6th Cir.1999) (in the removal context, "[t]he forum for suit ought to be settled at some time early in the litigation."). Accordingly, the Sixth Circuit Court of Appeals has stated that a district court's first obligation is to determine whether the court has subject matter jurisdiction because without such jurisdiction, there is no action to transfer or change venue. *See BancOhio Corp. v. Fox,* 516 F.2d 29, 31–32 (6th Cir.1975). For these reasons, the Court first considers Plaintiff's Motion to Remand. If that motion is granted, Defendant's Motion to Stay becomes moot. *See Sherwood v. Microsoft Corp.,* 91 F.Supp.2d 1196, 1199 (M.D.Tenn. 2000) (Haynes, J.).

## II.

The facts and circumstances relevant to this action are largely undisputed and are as follows: Plaintiff is a New York corporation with its principal place of business in New York. Defendant Fed–Ex is a Delaware corporation with its principal place of business in Memphis, Tennessee, and with offices in Nashville, Tennessee. Defendant is a global provider of transportation, e-commerce, and supply chain management services. Defendant purports to provide rapid, reliable, and time-definite delivery of documents, packages, and freight to 210 countries. Defendant delivers 3.2 million packages a day according to its most recent Form 10–K.

Defendant periodically publishes a Service Guide which sets forth its shipping rates and terms and conditions of its services. The Service Guide contains a description of Defendant's various services which are categorized according to their geographic scope and the time within which delivery is guaranteed. The rates vary according to the weight of the package, the location of the origin of package pickup, the destination of the package, and most relevant for purposes of this action, the time within which delivery is guaranteed.

"Fed–Ex Priority Overnight" is the company's most popular service, and the service provided when the customer does not designate a service. This service guarantees that Defendant will deliver letters or packages by 10:30 a.m. the next business day (or by noon or 4:30 p.m. to remote areas), "as early as noon in many locations" on Saturdays, and "by 3 p.m. in selected metro areas" on Sundays. Defendant has an advanced package tracking and billing system that utilizes hand-held scanning equipment and computer terminals. This system provides proof of delivery information and enables Defendant to identify both the time at which each shipment was picked up or brought to Defendant for sending and the time at which the shipment was delivered to its destination.

Defendant's Terms and Conditions provision contains the company's Money Back Guarantee Policy ("Policy") which applies to service failures involving shipments within the United States. The Policy provides that in the event of service failure, at Defendant's option, Defendant "will either refund or credit your transportation charges upon request if we deliver your shipment 60 seconds or more after our published delivery commitment." In order to qualify for a refund or credit due to service failure, the customer must notify Defendant of the service failure within thirty (30) calendar days from the original invoice date or, in the case of customers who are not invoiced because they paid in cash, check, money order, or credit card, the Money Back Guarantee is limited to customers who notify Defendant of the service failure within thirty (30) calendar days from the date of the shipment.

On four occasions Plaintiff contracted with Defendant to provide Fed–Ex Priority Overnight service to destinations within the Fed–Ex Priority Overnight service area and as to which Defendant guaranteed service by 10:30 a.m. the next business day. On each of these occasions, Defendant did not provide Priority Overnight service to Plaintiff because the letter or package arrived later than 10:30 a.m. the next day.[1] Also, on each occasion, Defendant sent Plaintiff an invoice indicating that the letter or package had been sent by Priority Overnight service, billing Plaintiff the full amount for that service, but indicating a time of delivery later than 10:30 a.m. the next business day.

Plaintiff alleges that Defendant does not notify shippers of service failures and, as a result, customers who are not involved have no way of knowing that their packages or letters were not timely delivered unless they call the recipients or Defendant. These shippers are unable to comply with Defendant's thirty (30) day deadline to file a refund claim and are forced to forfeit such claims. Further, Plaintiff alleges that Defendant fails to refund these customers the difference between the cost of Priority Overnight service and the service the customers actually received. As a direct and proximate result of the foregoing, Plaintiff contends that Defendant breached its contract under the Policy and improperly charged shippers millions of dollars in premium rates for Priority Overnight service.

## III.

Plaintiff filed this action in the Circuit Court for Davidson County. Defendant removed on the alleged basis of federal question jurisdiction in that Plaintiff's claims arise under and/or are completely preempted by federal common law. In determining whether Defendant properly removed this action, the Court must consider the scope of preemption under the Airline Deregulation Act, 49 U.S.C. § 41713(b)(4)(A)(1994)(the "ADA"), and whether Plaintiff may assert federal or state common law claims of breach of contract for untimely package deliveries.

A civil action brought in state court may be removed to federal court only if a federal court could have exercised original jurisdiction over the case under 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1331, district courts have original jurisdiction of civil actions "arising under" the Constitution, laws, or treaties of the United States. A claim "arises under" a federal law when (1) federal law creates the cause of action or (2) an essential element of the plaintiff's cause of action depends for its resolution on the validity, construction, or effect of federal law. *See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Because Plaintiff has pled only state common law claims, the Court has original jurisdiction if the claims in fact arise under federal common law, or if the claims arise under state common law but are so completely preempted that even the preemption question itself must be removed to the federal system. *See Greer v. Fed. Express*, 66 F.Supp.2d 870, 872 (W.D.Ky.1999) (citations omitted). In resolving these issues, the Court is guided by the analysis found in *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995), *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244 (6th Cir.1996), and *Greer*, 66 F.Supp.2d 870.

---

1. On the first occasion, Defendant delivered Plaintiff's letter four (4) minutes late; on the second occasion, Defendant delivered Plaintiff's package (46) minutes late; on the third occasion, Defendant delivered Plaintiff's letter thirty-seven (37) minutes late; and on the fourth occasion, Defendant delivered Plaintiff's letter eight (8) minutes late.

■ If a case has been improperly removed because it is not within the district court's original jurisdiction, the district court must remand the case to the state court from which it was removed. *See* 28 U.S.C. § 1447(c). On a motion to remand, the removing party has the burden of proving there was federal question jurisdiction at the time the action was removed. *See Alexander v. Elec. Data Sys. Corp.,* 13 F.3d 940, 949 (6th Cir.1994). Where the basis for federal jurisdiction seems doubtful, all doubts should be resolved in favor of remand. *Long v. Bando Mfr. of Am., Inc.,* 201 F.3d 754, 757 (6th Cir.2000).

### A.

First, Defendant claims that it properly removed this action because Plaintiff's breach of contract and unjust enrichment claims are governed by principles of federal common law. Plaintiff, on the other hand, contends that Defendant's removal was improper, claiming that no federal common law cause of action against air carriers exists. The Supreme Court's decision in *Wolens* is instructive in resolving the parties' conflicting positions. In *Wolens,* the Court held that it is not "plausible that Congress meant to channel into federal court the business of resolving, pursuant to judicially fashioned federal common law, the range of contract claims relating to airline rates, routes, or services. The ADA contains no hint of such a role for the federal courts." 513 U.S. at 232, 115 S.Ct. 817. As Judge Heyburn recognized in *Greer,* relying on the *Wolens* decision, "[t]he ADA permits state-based adjudica-tion of routine breach of contract claims ... so long as the state courts confine themselves to construing the parties' bargain." 66 F.Supp.2d at 872 (citing 513 U.S. at 232–33, 115 S.Ct. 817).

■ In its written submissions to the Court and during oral argument, Defendant relied on a number of cases from other Circuits to support its contention. *See e.g., Kemper Ins. Co. v. Fed. Express Corp.,* 252 F.3d 509 (1st Cir.2001); *Read–Rite Corp. v. Burlington Air Express Ltd.,* 186 F.3d 1190 (9th Cir.1999); *SVT v. Fed. Express Corp.,* No. 97–16233, 1998 WL 466688 (9th Cir. July 31, 1998); *Sam L. Majors Jewelers v. ABX, Inc.,* 117 F.3d 922 (5th Cir.1997). Defendant relied on a number of these same cases in *Greer* before Judge Heyburn.[2] *See* 66 F.Supp.2d at 873. Judge Heyburn considered these cases and held that to the extent that other Circuits have concluded that "various statutory 'savings clauses' have preserved a federal common law cause of action in negligence or contract for delayed shipments, such a rule is also at odds with *Musson* and cannot supplant the Sixth Circuit's holding ...." *Id.* at 874. The Court joins Judge Heyburn in this conclusion. *See id.* at 872–73; *see also Musson,* 89 F.3d at 1251 ("the Supreme Court has expressly rejected the possibility that the ADA leaves room for a federal common law cause of action against air carriers, at least in regard to breach of contract claims."). Accordingly, the Court finds that Plaintiff's breach of contract and unjust enrichment claims are not governed by federal common law and may be pursued in state court.

---

**2.** Plaintiff Greer filed an action in state court for breach of contract and negligence after Defendant Fed–Ex failed to timely deliver her sealed bid to the Commonwealth of Kentucky. As a result of Fed–Ex's untimely delivery, Plaintiff's proposal was not considered during the competitive bidding procedure. Plaintiff alleged that her bid was the lowest, and, but for the bid's late arrival, Plaintiff would have been awarded the contract. Fed–Ex removed Plaintiff's action, asserting that her claims arose under and were governed by federal common law. The federal district court rejected Defendant's assertions and remanded the action to state court. *See Greer,* 66 F.Supp.2d at 872, 872.

## B.

Next, Defendant asserts that it properly removed Plaintiff's claims because they are completely preempted by the ADA. For removal to be proper under the complete preemption doctrine, (1) the state law claims must fit into a federal statute's civil enforcement provisions, providing the plaintiff with a federal remedy for the conduct complained of and (2) Congress clearly must express its intent that an action be removable. *See Strong v. Telectronics Pacing Sys., Inc.*, 78 F.3d 256, 260 (6th Cir.1996). In *Musson,* the Sixth Circuit rejected the defendant's contention that Congress intended the ADA's preemption provision to "completely preempt" state law claims. *See* 89 F.3d at 1252–53. The district court had dismissed the plaintiffs' state law claims relating to airline rates and services, holding that they were completely preempted by the ADA. *See id.* at 1252. The Sixth Circuit vacated the district court's ruling, explaining:

> "Complete preemption" applies only in the *extraordinary* circumstance when Congress intends, not merely to preempt a certain amount of state law, but also to transfer jurisdiction to decide the preemption question from state to federal courts. Without evidence of Congress's intent to transfer jurisdiction to federal courts, there is no basis for invoking federal judicial power.

> Examining the text of the ADA and its legislative history, we see no evidence that Congress intended the federal court to have exclusive subject matter jurisdiction over the preemption defenses to state law claims against air carriers. Quite to the contrary: if the Supreme

Court was correct to state that the ADA, unlike ERISA, did not intend to "channel actions into federal court," then *only* a state court, or a federal court sitting in diversity, is an appropriate forum for resolution of Musson's claims. *Id.* at 1253 (internal citations omitted) (emphasis in original). The Supreme Court only twice has applied complete preemption in a statutory scheme: in cases involving § 301 of Labor Management Relations Act and § 502(a)(1)(B) of the Employee Retirement Income Security Act. *See Strong*, 78 F.3d at 259. Defendant herein has submitted no authority indicating that Congress intended the ADA to be so powerful as to displace entirely any state breach of contract actions against air carriers, and like the *Musson* and *Greer* courts, this Court has found no evidence supporting this theory. At least one federal district court has considered this issue in a case involving similar facts to the instant case and concluded that complete preemption did not apply. *See Nat'l Ass'n of Prof'l Athletes, Inc. v. UPS*, No. 00–9073–CIV–HURLEY (S.D.Fla. Aug. 1, 2000) (remanding where plaintiff had sued UPS for breach of contract in state court after contracting with UPS for second day delivery and UPS failed to deliver on time but charged plaintiff full price for second day delivery). Accordingly, the Court finds that Plaintiff's breach of contract and unjust enrichment claims are not completely preempted by the ADA and may be pursued in state court.

## C.

As in the *Greer* case, much of Defendant's argument herein rests upon the assertion that federal common law governs the limitation of liability provisions in its contract.[3] *See* 66 F.Supp.2d at 874. How-

---

3. Plaintiff states in its Post Remand Hearing Submission that it does not contend that the limitation of liability provision in Fed–Ex's

contract is invalid or unenforceable. (Docket Entry No. 37 at 3).

ever, as Judge Heyburn recognized in *Greer, see id.* at 874–75, and as the Sixth Circuit recognized in *Musson, see* 89 F.3d at 1252, any federal limitations of liability create only a defense to the state law claims, rather than a federal common law cause of action. "The existence of a federal defense has long been held an insufficient basis for federal question jurisdiction." *Greer,* 66 F.Supp.2d at 875; *see also Musson,* 89 F.3d at 1252 ("For federal jurisdiction to exist, unless citizenship is diverse, a plaintiff's well-pleaded complaint must raise an issue 'arising under' the laws of the United States; the presence of a federal *defense* is inadequate.") (emphasis in original). Thus, in the absence of a federal common law cause of action for breach of contract, Defendant's invocation of its limited liability provision is merely a defense, and is not a proper basis for removal. *See Rivet v. Regions Bank of La.,* 522 U.S. 470, 472, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) ("Congress has not authorized removal based on a defense or anticipated defense federal in character.").

There is "no evidence that Congress intended the federal courts to have exclusive subject matter jurisdiction over the preemption defenses to state law claims against air carriers." *Musson,* 89 F.3d at 1253. "Our federal system trusts state courts to decide the application of federal defenses to state law claims, and this Court will permit them to do so." *Greer,* 66 F.Supp.2d at 874–75. For the reasons explained above, Defendant's removal in the instant case was inappropriate, and Plaintiff's Motion to Remand shall be GRANTED. This case shall be remanded to the to the Circuit Court for Davidson County, Tennessee. Having determined that Plaintiff's action shall be remanded, Defendant's Motion for Change of Venue (Docket Entry No. 4) is moot.

## IV.

Plaintiff claims that it is entitled to an award of attorney fees and costs associated with this remand motion because Defendant's basis for removal is legally unsupported. 28 U.S.C. § 1447 provides in relevant part:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal . . . .

28 U.S.C. § 1447(c). "[A]n award of costs, including attorney fees, is inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least some finding of fault with the defendant's decision to remove." *Ahearn v. Charter Township of Bloomfield,* No. 97–1187, 1998 WL 384558, at *2 (6th Cir. June 18, 1998). The Sixth Circuit reviews a district court's decision on whether to award attorney fees under 28 U.S.C. § 1447 for abuse of discretion. *See Morris v. Bridgestone/Firestone Inc.,* 985 F.2d 238, 240 (6th Cir.1993). "[A] court abuses its discretion by refusing to award fees where the defendant's argument for removal was devoid of even fair support." *See Ahearn,* 1998 WL 384558 at *2. In cases where courts denied § 1447(c) fees despite a losing removal argument, the party seeking removal cited "at least some statute or case law supporting its position that subject matter jurisdiction existed and that removal was appropriate." *See id.* at *3 (citations omitted).

In the instant case, the Court cannot conclude that Defendant's arguments for removal were "devoid of even fair support." *Id.* Defendant relied on case law largely from other Circuits which is favor-

able to its position. To the Court's knowledge, at this time there is no Sixth Circuit decision squarely on point. Although Defendant unsuccessfully defended a removal under similar circumstances before another federal district court in this Circuit, *see Greer*, 66 F.Supp.2d 870, Defendant apparently disagreed with Judge Heyburn's analysis and/or believed it could distinguish the facts of that case from the facts of the case at hand. This area of the law is far from settled. *See In re Air Transp. Excise Tax Litig.*, 37 F.Supp.2d 1133, 1139 (D.Minn.1999) ("The Eighth Circuit has not yet had occasion to apply or expound upon the Supreme Court's holding in *Wolens*, but other circuits have since struggled to draw the line that separates allowable state law claims from ADA-preempted ones."). For these reasons, the Court declines to award attorney fees and costs to Plaintiff. However, should Defendant attempt to remove subsequent actions within this Circuit for the reasons asserted herein and in *Greer*, Defendant is hereby put on notice of the relevant precedential law within the Sixth Circuit on this issue, and Defendant's future removal petition(s) should be guided accordingly.

## V.

Based on the foregoing, (1) Plaintiff's Motion to Stay Resolution of Defendant's Motion for Change of Venue Until Resolution of Plaintiff's Motion to Remand (Docket Entry No. 7) shall be GRANTED; (2) Plaintiff's Motion to Remand to Circuit Court and for an Award of Fees and Expenses (Docket Entry No. 9) shall be GRANTED IN PART and DENIED IN PART; and (3) Defendant's Motion for Change of Venue (Docket Entry No. 4) shall be DENIED AS MOOT. Accordingly, this case shall be REMANDED to the Circuit Court for Davidson County, Tennessee.