**Chauncey A. HANNIBAL, Plaintiff,**

v.

**FEDERAL EXPRESS CORPORATION, Defendant.**

**No. CIV.A. 2:03CV253.**

United States District Court, E.D. Virginia, Norfolk Division.

June 11, 2003.

Jason E. Dodd, McKenry Dancigers Warner Dawson & Lake PC, Norfolk, VA, for Plaintiff.

Robert Bryan Rigney, Mary Totin Schaus, Alexander Christopher Zaleski, Protogyrou & Rigney PLC, Monticello Arcade, Norfolk, VA, for Defendants.

## ORDER

DOUMAR, District Judge.

Presently before the Court is the Plaintiff's Motion to Remand. Federal Express Corporation ("FedEx") removed this case from the Circuit Court for the City of Virginia Beach. In its Notice of Removal, FedEx claimed that removal was proper because the Plaintiff's claims were "governed by principles of federal common law

applicable to shipments made in interstate commerce by a federally certified air carrier such as FedEx." Def.'s Notice of Removal at 1. In his Motion to Remand, the Plaintiff argues that the "well-pleaded complaint" rule precludes federal question jurisdiction in this case. Pl.'s Br. in Supp. of Mot. to Remand at 3. After reviewing the Complaint, the Court finds the Plaintiff's argument to be well taken. There is no federal question presented on the face of the Complaint. Furthermore, the state law claims contained in the Complaint are not completely preempted so as to provide this Court with subject matter jurisdiction. Accordingly, the Court will remand this case to the Circuit Court for the City of Virginia Beach.

### Factual and Procedural Background

On March 6, 2003, Chauncey Hannibal filed a *pro se* Motion for Judgment (hereinafter "the Complaint") in the Circuit Court for the City of Virginia Beach against FedEx. In the Complaint, Hannibal alleged that FedEx had been hired on December 5, 2002, to ship musical equipment from North Hollywood, California to Virginia Beach, Virginia. Hannibal attached a copy of a FedEx Airbill, which shows that two packages with a total weight of 100 pounds and a declared value of $50,000 were to be delivered via overnight shipment. The Plaintiff claims that he did not receive the shipment until December 12, 2002. After signing for the receipt of the packages, Hannibal noticed exterior damage to the packaging. When Hannibal attempted to test the musical equipment, it failed to function. Hannibal states that he attempted to submit a claim to FedEx for the damage to his equipment but that his claim was denied. The Plaintiff claims that FedEx "breached the agreement to next day deliver the packages and to honor the insurance placed

against the equipment if damaged." Pl.'s Compl. at ¶ 10.

On April 2, 2003, FedEx filed a Notice of Removal and removed the case to this Court pursuant to 28 U.S.C. § 1441. The Defendant stated that removal was proper because the claims asserted by the Plaintiff were governed by the federal common law applicable to federally certified air carriers. Def.'s Notice of Removal at 1. As such, the Defendant claimed that this Court has original subject matter jurisdiction because the case presented a substantial federal question. *Id.*

On May 1, 2003, Hannibal, through counsel, filed a Motion to Remand. In the accompanying brief in support of his motion, Hannibal argued that there was no federal question presented on the face of the Complaint and, therefore, the "well-pleaded complaint" rule precluded federal question jurisdiction. On May 8, 2003, FedEx filed its brief in opposition to the Motion to Remand. In its brief, FedEx argued that federal common law governs breach of contract actions related to air cargo shipments. On May 13, 2003, Plaintiff filed his reply brief, in which he stated that the question of whether federal common law governs his breach of contract claim is immaterial to whether this Court has subject matter jurisdiction because of the "well-pleaded complaint" rule. As this issue has been fully briefed, it is ready for judicial determination.

### Discussion

■■■■ "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The burden of establishing federal subject matter jurisdiction is on the party who removed the action from state court. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921).

The United States Court of Appeals for the Fourth Circuit has consistently held that removal jurisdiction should be strictly construed because of the significant federalism concerns that it raises. *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir.1994). For this reason, federal courts must resolve any doubts regarding federal jurisdiction in favor of remanding to the state court. *Id.*

■ "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal question jurisdiction is required." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Here, the Defendant does not allege diversity of the parties, and jurisdiction is premised solely on the existence of a federal question.

> The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim, he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Caterpillar, Inc.*, 482 U.S. at 392, 107 S.Ct. 2425 (internal citations omitted).

■ Applying the well-pleaded complaint rule to the case at bar, the Court finds that the Plaintiff's Complaint does not, on its face, reveal a federal question. The Complaint does not cite any federal statute, nor mention any federal common law cause of action. The Defendant argues that a federal question is presented because the Plaintiff's state breach of contract claim is preempted by federal common law. "Federal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). One well-recognized corollary to the well-pleaded complaint rule, however, is the doctrine of complete pre-emption, which provides that Congress may so completely pre-empt an area of the law as to display an intent to not merely preempt a certain amount of state law, but also to transfer jurisdiction from state to federal courts. *Caterpillar, Inc.*, 482 U.S. at 393, 107 S.Ct. 2425.

■ The Defendant argues that the Plaintiff's breach of contract claim is governed exclusively by federal common law. In support, the Defendant cites *Caporicci Footwear, Ltd. v. Fed. Express Corp.* for the proposition that "[t]he liability of Federal Express and other federal certificated air carriers for loss attendant to goods in transit is governed exclusively by federal law." 894 F.Supp. 258, 260 (E.D.Va.1995). Apparently, the Defendant is attempting to argue that federal common law completely preempts the Plaintiff's state breach of contract claim. FedEx's reliance on *Caporicci*, however, is misplaced for two reasons. First, *Caporicci* never discussed complete preemption because the Plaintiff in that case brought the action in federal court. Second in *American Airlines v. Wolens*, the Supreme Court made it clear that state contract claims against air carriers were not precluded. 513 U.S. 219, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995). In *Wolens*, the Supreme Court considered the question of whether the Airline Deregulation Act ("ADA") and federal common law preempted state law breach of contract actions alleging that an airline had violated an agreement it had entered into with passengers. The Court held that the state law breach of contract actions were not preempted, stating "[n]or is it plausible

that Congress meant to channel into federal courts the business of resolving, pursuant to judicially fashioned federal common law, the range of contract claims...." *Id.* at 232, 115 S.Ct. 817.

Given the Supreme Court's holding in *Wolens*, this Court finds that the doctrine of complete preemption is inapplicable to a well-pleaded complaint against an air carrier alleging state law claims. This conclusion is in accord with the majority of courts that have considered the issue.[1] *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1253 (6th Cir.1996)(rejecting complete preemption as a basis for subject matter jurisdiction and remanding to state court the plaintiff's state law claims)("Examining the text of the ADA and its legislative history, we see no evidence that Congress intended the federal courts to have exclusive subject matter jurisdiction over the preemption defenses to state law claims against air carriers."); *Strategic Assets, Inc. v. Fed. Express Corp.*, 190 F.Supp.2d 1065, 1071–1072 (M.D.Tenn.2001) (finding that plaintiff's state law claims against federally certified air carrier for breach of contract were not completely preempted and thus could be pursued in state court); *Litchfield v. United Parcel Serv.*, 136 F.Supp.2d 756, 761–762 (S.D.Ohio 2000)(remanding plaintiff's state law claims for failure to deliver packages to state court); *Greer v. Fed. Express*, 66 F.Supp.2d 870, 874 (W.D.Ky.1999)(holding that plaintiff's state common law claims for breach of contract were not completely preempted and remanding claims to state court); *Roberts Distrib., Inc. v. Fed. Express Corp.*, 917

F.Supp. 630, 640 (S.D.Ind.1996)(holding that federal court lacked subject matter jurisdiction because customer's suit against cargo air carrier for breach of shipping agreement did not present a federal question); *Merkel v. Federal Express Corp.*, 886 F.Supp. 561, 566 (N.D.Miss.1995)(rejecting both federal common law and the ADA as a basis for complete preemption of the plaintiff's state law claims and remanding to state court).

### Conclusion

The Court finds that no federal question is presented on the face of the Plaintiff's complaint. Therefore, the well-pleaded complaint rule precludes federal subject matter jurisdiction unless the Plaintiff's Complaint is completely preempted by federal law. Given the Supreme Court's holding in *Wolens*, the Court finds that there is no discernible Congressional intent to completely preempt state common law breach of contract claims against air carriers. Accordingly, the Defendant has failed to establish federal subject matter jurisdiction and removal was improper. The Court, hereby, **REMANDS** this case to the Circuit Court for the City of Virginia Beach.

The Clerk of the Court is **DIRECTED** to deliver a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

---

1. The Defendant relies on *SVT Corp. v. Fed. Express Corp.*, an unpublished decision, for the proposition that claims against interstate air carriers arise under federal common law and, therefore, subject matter jurisdiction is proper. 156 F.3d 1238, 1998 WL 466688, at *1(9th Cir1998). However, the Court in *SVT Corp.* failed to consider the well-pleaded complaint rule and failed to recognize that federal preemption does not necessarily create removal jurisdiction. *See Merkel*, 886 F.Supp. at 564(discussing the mistake that some courts have made of equating federal preemption with subject matter jurisdiction).