Alan **WAYNE**, individually and on behalf of himself and all others similarly situated, Plaintiff–Appellant,

v.

**DHL WORDWIDE EXPRESS,**
Defendant–Appellee.

No. 01–55151.

United States Court of Appeals,
Ninth Circuit.

June 27, 2002.

Steve W. Berman, Hagens Berman, LLP, Seattle, WA; Andrew W. Volk, Hagens Berman, LLP, Los Angeles, CA; Henry H. Rossbacher, Rossbacher & Associates, Los Angeles, CA, for the plaintiff-appallent.

Edwin W. Woodsome, Jr., Howrey, Simon, Arnold & White, LLP, Los Angeles, CA, for the defendant-appellee.

Before PREGERSON, LEAVY, and TROTT, Circuit Judges.

## OPINION

LEAVY, Circuit Judge.

Appellant Alan Wayne. brought this action in state court, alleging that DHL Worldwide Express (DHL), an air shipment company, violated California state laws by selling shipment insurance on its packages at excessive prices and without obtaining a license from the California Insurance Commissioner. DHL removed the action to federal court. The district court denied Wayne's remand motion and then granted DHL's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. Wayne appeals the district court's orders denying his motion to remand and granting the motion to dismiss. We have jurisdiction under 28 U.S.C. § 1291. After de novo review, we conclude that the district court lacked jurisdiction, and, as a consequence, reverse the judgment of the district court dismissing the action and re-

mand with instructions to remand the case to the California state court.

## FACTS AND PROCEDURAL BACKGROUND

On June 21, 2000, Alan Wayne shipped a package via DHL from one location in the County of Los Angeles to another location in the county. He purchased "Shipment Insurance" for that package from DHL for $.70. He then brought a class 9239 action in California State Court on behalf of himself and "all California residents who purchased 'Shipment Insurance' from DHL."[1] Wayne's complaint alleged violations of the California Unfair Competition Law, Cal. Bus. & Prof.Code § 17200, *et seq.*, and the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*, because DHL sold "Shipment Insurance" without the required license from the California Insurance Commissioner and did so at excessive rates.

According to Wayne's complaint, DHL is the world's largest air express network, providing service to 635,000 destinations in more than 233 countries. Its customers, called "shippers," are charged a fee for shipment of packages, based upon the weight of the package and its destination. Each package is picked up by a DHL driver, taken to a sorting center, sorted, transported to a delivery center, and then delivered to its destination by a local truck. Packages traveling by air are sorted at an air hub and then transported to the delivery center for delivery.

DHL sets forth the terms governing shipments in the Shipment Airwaybill, which is filled out and signed by the shipper. The Airwaybill limits DHL's liability in the event of loss, destruction, or damage of a shipment and offers "insurance:"

I/we agree that DHL's standard terms apply to this shipment and limit DHL's liability for loss or damage to U.S. $100. . . . I/we understand that insurance is available on request for an extra charge.

The reverse side of the Airway bill clarifies both the liability limit and the available insurance. The liability limit is actually the lesser of (1) $100.00; (2) the actual amount of the loss or damage; or (3) the actual value of the document or parcel (not including any commercial utility or special value to the shipper or any other person). Regarding insurance, the Airwaybill states: **"Shipment Insurance: 12.** We recommend that you insure your shipment with DHL. We can arrange insurance for you for up to U.S. $5 million." "Shipment Insurance" may be purchased by shippers for 70 cents for each $100 of declared value of a package shipped. If a shipper purchases "Shipment Insurance," part or all of the declared value of the package is paid to the shipper in the event that the package is damaged, lost, or destroyed.

After the complaint was filed in state court, DHL filed a Notice of Removal pursuant to 28 U.S.C. § 1441, on the grounds that the action arose under federal law. Wayne filed a motion to remand, and DHL moved to dismiss the complaint. The district court denied the motion to remand on the ground that it had jurisdiction under the doctrine of "complete preemption" and granted the motion to dismiss, finding that the Shipment Insurance was a "price, route, or service of an air carrier," 49 U.S.C. § 41713(b), and holding that the Airline Deregulation Act of 1978, 49 U.S.C. § 41713, (ADA), preempted Wayne's state law claims. Wayne timely appealed on January 10, 2001.

---

**1.** Wayne later limited the class to California residents who had shipped packages domestically.

### DISCUSSION

The dispositive issue in this appeal is whether the district court had jurisdiction over the removed action. DHL was entitled to remove the case to federal court if Wayne could have brought it there to begin with. *See* 28 U.S.C. § 1441(a). We must therefore consider whether Wayne could have brought the action in district court under federal question jurisdiction.[2] Wayne's original complaint, filed in California state court, alleged violations of California, not federal law. DHL removed the action to the district court, asserting that Wayne's claims were governed by the Warsaw Convention, 49 U.S.C. § 40105, federal common law, the ADA, and the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425 (1987). However, the existence of a defense based upon federal law is insufficient to support jurisdiction. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10–12, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

> [A] case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.

*Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425.

Because preemption as a defense does not provide a basis for federal jurisdiction,

a separate basis for federal question jurisdiction over Wayne's complaint must exist before removal was proper. Thus, we need not decide whether the product offered by DHL constitutes a "price, route, or service of an air carrier," 49 U.S.C. § 41713(b), unless we first determine that the district court had jurisdiction over Wayne's action. There are three theories that might support federal question jurisdiction over this action: 1) complete preemption; 2) federal common law; or 3) the complaint raises an express or implied cause of action that arises under the Constitution, federal statute, or international treaty. We consider each in turn.

#### 1. *Complete Preemption.*

The jurisdictional doctrine of "complete preemption" serves as an exception to the well-pleaded complaint rule. *See Balcorta v. Twentieth Century–Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir.2000). It provides that, in some instances, "the preemptive force of [federal statutes] is so strong that they completely preempt an area of state law ... [and] any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* at 1107 (citations and quotation omitted). However, complete preemption occurs only when Congress intends not merely to preempt a certain amount of state law, but also intends to transfer jurisdiction of the subject matter from state to federal court. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65–66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

> There are ... a handful of "extraordinary" situations where even a well-pleaded state law complaint will be

**2.** Neither party asserts diversity jurisdiction and, in fact, there is not complete diversity between the parties because DHL's principal place of business is in California. Absent diversity of citizenship, federal question jurisdiction is required. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

deemed to arise under federal law for jurisdictional purposes. The test is whether Congress clearly manifested an intent to convert state law claims into federal-question claims. The United States Supreme Court has identified only two federal acts whose preemptive force is extraordinary: (1) The Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a); and (2) the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq.

*Holman v. Laulo–Rowe Agency,* 994 F.2d 666, 668 (9th Cir.1993) (citations omitted) (Federal Crop Insurance Act does not create complete preemption).[3]

The question whether the ADA provides a basis for complete preemption is an issue of first impression in this circuit. The Fifth and the Sixth Circuits have concluded that Congress did not intend to completely preempt state law:

> "Examining the text of the ADA and its legislative history, we see no evidence that Congress intended the federal courts to have exclusive subject matter jurisdiction over the preemption defenses to state law claims against air carriers. Quite to the contrary: if the Supreme Court was correct to state that the ADA, unlike ERISA, did not intend to 'channel actions into federal court,' *American Airlines v. Wolens,* 513 U.S. 219, 230, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995), then only a state court, or a federal court sitting in diversity, is an appropriate forum for resolution of the ... claims."

*Sam L. Majors Jewelers v. ABX, Inc.,* 117 F.3d 922, 925–26 (5th Cir.1997) (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.,* 89 F.3d 1244, 1253 (6th Cir.1996)).

Congress's intent in enacting the ADA was to deregulate the airlines and rely on market forces to provide variety and quality of air transportation service. *Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 378, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992). As noted in *Wolens,* "the ADA contrasts markedly with ERISA, which does channel civil actions into federal courts, ... under a comprehensive scheme detailed in the legislation, designed to promote prompt and fair claims settlement." *Wolens,* 513 U.S. at 232, 115 S.Ct. 817 (citations omitted). In contrast to ERISA, the ADA does not even provide for a private right of action to enforce its provisions. *See Air Transport Ass'n v. Pub. Utils. Comm'n,* 833 F.2d 200, 207 (9th Cir.1987). Therefore, the ADA does not provide a basis for federal jurisdiction under the complete preemption doctrine.

### 2. *Federal Common Law.*

Federal jurisdiction would exist in this case if the claims arise under federal common law. *See Illinois v. City of Milwaukee,* 406 U.S. 91, 100, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972). "Although there is no general federal common law, there are enclaves of federal judge-made law which bind the States." *Patrickson v. Dole Food Co.,* 251 F.3d 795, 799 (9th Cir.2001), *pet. for cert. filed,* 70 USLW 3281 (Oct. 05, 2001) (citation and quotation omitted). One of these enclaves is the "released valuation doctrine" which permits common carriers to limit their liability for loss of or damage to goods under certain conditions. *See Deiro v. Am. Airlines, Inc.,* 816 F.2d 1360, 1365 (9th Cir.1987). "Under established federal common law, if a carrier wishes to enforce a limited liability provision, its contract must offer the shipper (1)

---

**3.** As noted in *Holman,* 994 F.2d at 668 n. 3, a possible additional instance of complete preemption may be found in *Oneida Indian Nation v. County of Oneida,* 414 U.S. 661, 677, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974), which concerned an ejectment action based upon Indian title.

reasonable notice of limited liability, and (2) a fair opportunity to purchase higher liability." *Read–Rite Corp. v. Burlington Air Express, Ltd.*, 186 F.3d 1190, 1198 (9th Cir.1999). We have construed the ADA's savings clause [4] to apply this federal common law to claims for loss of or damage to goods by interstate common carriers by air. *Id.* However, the extent of the federal common law in this area is the determination whether a limited liability clause is enforceable in a claim for lost or damaged goods. *Id.* at 1197. Wayne's package was not lost or damaged. Therefore, Wayne's claims concerning state approval of the limited liability clause and the prices charged by DHL's for its assumption of a risk of higher liability do not arise under federal common law.

### 3. *Federal Statute or Treaty.*

■ The other possible bases for a federal cause of action under a statute or a international treaty in Wayne's action are the Warsaw Convention [5] and the Carmack Amendment to the Interstate Commerce Act. As we have noted above, the ADA does not create a private cause of action. *See Air Transport Ass'n*, 833 F.2d at 207.

■ "The Warsaw Convention is an international treaty governing the liability of air carriers engaging in international air travel." *Read Rite*, 186 F.3d at 1194. While Wayne's complaint alleged that he filed this action "on behalf of ... [a]ll persons residing in the State of California who purchased 'Shipment Insurance' from DHL," Wayne subsequently limited the class to California residents who shipped packages via DHL domestically. Thus,

the Warsaw Convention does not apply to his claims.

■ The Carmack Amendment to the Interstate Commerce Act subjects a motor carrier transporting cargo in interstate commerce to absolute liability for loss to the cargo unless the carrier limits its liability by meeting certain requirements. *See* 49 U.S.C. § 14706(c)(1)(A); *Hughes Aircraft Co. v. N. Am. Van Lines, Inc.*, 970 F.2d 609, 611–12 (9th Cir.1992). DHL does not assert that Wayne has a claim under the Carmack Amendment but merely argues that Wayne's state law claims, to the extent that they relate to charges for ground transportation, are preempted by the amendment. A defense of federal preemption, alone, does not provide a basis for federal question jurisdiction. *Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425.

### CONCLUSION

Because the district court lacked jurisdiction, the judgment of the district court dismissing the action is REVERSED and REMANDED with instructions to remand the case to the California state court.

---

4. The ADA contains its own savings clause: "[a] remedy under this part [49 U.S.C. § 40101 *et. seq.*] is in addition to any other remedies provided by law." 49 U.S.C. § 40120(c).

5. Convention for the Unification of Certain Rules relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 3014, T.S. No. 876 (1934), note following 49 U.S.C. § 40105.