**Peggy PUTERBAUGH, Plaintiff,**

v.

**AIRTRAN AIRWAYS, Defendant.**

No. C–3–03–184.

United States District Court, S.D. Ohio, Western Division.

Sept. 22, 2003.

---

from her employment as a Customer Service Agent for Defendant AirTran Airways ("AirTran") at the Dayton International Airport ("DIA"). According to Plaintiff's Complaint (Doc. # 1, Ex. A),[1] Puterbaugh was terminated from her employment on May 2, 2002, based on two alleged violations of Federal Aviation Regulations (Compl. Ex. B). Specifically, Plaintiff allegedly carried personal baggage through a bypass door, thus avoiding a security checkpoint, and on another occasion, she allegedly escorted a terminated employee through a security-sensitive area (*id.*)

AirTran maintains a Peer Review Process through which the terminations of non-supervisory, non-probationary employees in the Customer Service, Ramp, Reservations, and Administration departments may be reviewed (*id.*, Ex. A). The policy provides, in pertinent part:

> Non-supervisory, non-probationary employees in Customer Service, Ramp, Reservations and Administration have access to a Peer Review process for termination. This is a formal process where the employee and the member of management responsible for the employee are asked to present information on the termination before Peer Review Panel.

> Termination appeals must be submitted in writing to the Human Resources department within ten (10) days of the termination. Human Resources will review the appeal and grant or deny the request. If approved, a Review Panel will be scheduled and all parties will be notified in advance of the time and location. After the appeal has been heard, the Review Panel will render a decision

David Michael Duwel, Dayton, OH, for Plaintiff.

Geraldine Maria Johnson, Cincinnati, OH, for Defendant.

## DECISION AND ENTRY SUSTAINING PLAINTIFF'S MOTION FOR REMAND (DOC. # 3); CAPTIONED CAUSE IS REMANDED TO THE MONTGOMERY COUNTY COURT OF COMMON PLEAS; JUDGMENT TO BE ISSUED ACCORDINGLY; TERMINATION ENTRY

WALTER HERBERT RICE, Chief Judge.

The instant litigation arises out of the termination of Plaintiff Peggy Puterbaugh

---

1. Plaintiff initiated litigation in the Montgomery County Court of Common Pleas by filing a Petition to Compel Peer Review Process. This document appears to have been treated as a Complaint by the state court, and this Court will do likewise.

within seven (7) days. Human Resources will notify the appealing party and the member of management of the outcome. All Review Panel decisions are considered final.

If a request for an appeal is denied, the appealing party will be notified.

(*Id.*) In her Complaint, Plaintiff asserts that she requested an appeal (*id.*, Ex. B), but that AirTran has not complied with the Peer Review Process.

Consequently, on April 28, 2003, Plaintiff filed a "Petition to Compel 'Peer Review Process' with Notice of Hearing Endorsed Hereon" with the Montgomery County Court of Common Pleas (Doc. # 1, Ex. A). Therein, Plaintiff requested, pursuant to Ohio Rev.Code § 2711.03, a hearing and an order, directing that arbitration proceed in the manner provided by the Peer Review Process. Plaintiff further sought expenses and costs. On May 23, 2003, Defendant removed the action to this Court, asserting that this Court has federal question subject matter jurisdiction, on the ground that the issue of Plaintiff's employment as an airport employee is governed exclusively and completely by federal law, *i.e.*, 49 U.S.C. § 40101 *et seq.* and its accompanying regulations.

Pending before the Court is Plaintiff's Motion for Remand (Doc. # 3). For the reasons assigned, Plaintiff's Motion for Remand is SUSTAINED.

■■■ The party seeking to litigate in federal court bears the burden of establishing the existence of federal subject matter jurisdiction. *McNutt v. General Motors Acceptance Corp. of Indiana,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). This is no less true where, as here, it is the Defendant, rather than the Plaintiff, who seeks the federal forum. *E.g., Ahearn v. Charter Twp. of Bloomfield,* 100 F.3d 451, 453–54 (6th Cir.1996). When the party asserting federal jurisdiction finds

its allegations challenged, it must submit evidence substantiating its claims. *Amen v. City of Dearborn,* 532 F.2d 554, 560 (6th Cir.1976). The removing defendant's burden is to prove, by a preponderance of the evidence, that the jurisdictional facts it alleges are true. *Gafford v. General Electric Co.,* 997 F.2d 150, 158 (6th Cir.1993). The district court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat. Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir.1990) (citations omitted). The court may consider such evidence without turning the motion into one for summary judgment. *Id.*

■■■ Where the Court elects to decide the jurisdictional issue on the written materials submitted, the removing Defendant is required only to make a *prima facie* case of jurisdiction. *Armbruster v. Quinn,* 711 F.2d 1332, 1335 (6th Cir.1983). In other words, it must only "demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss." *Id.* (citations omitted). The Court must consider the pleadings and affidavits in the light most favorable to the removing Defendant. *Id.*

Plaintiff challenges the removal of her action, arguing that the Complaint contains no basis for federal jurisdiction. Defendant counters that Plaintiff's state law claims are completely preempted, thus providing federal question jurisdiction.

■■■ There are two aspects to federal preemption of state law: conflict preemption and complete preemption. Conflict preemption arises where compliance with both federal and state law is a physically impossible, or "where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Hines v. Davidowitz,* 312

U.S. 52, 67, 61 S.Ct. 399, 85 L.Ed. 581 (1941); *Silkwood v. Kerr–McGee Corp.,* 464 U.S. 238, 248, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984); *see Warner v. Ford Motor Co.,* 46 F.3d 531, 533 (6th Cir. 1994)(en banc) (discussing difference between conflict and complete preemption). In contrast, "[i]f Congress evidences an intent to occupy a given field, any state law falling within that field is [completely] preempted." *Pacific Gas & Elec. Co. v. State Energy Resources Conserv. & Dev. Comm'n,* 461 U.S. 190, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983).

■■■■ In determining whether a court has federal subject matter jurisdiction, the court ordinarily begins by examining the plaintiff's well-pleaded complaint. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). The "well-pleaded complaint rule" provides that "the plaintiff is the master of the complaint, that [for removal to be proper] a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Warner,* 46 F.3d at 533. If the plaintiff's claim arises under state law, the mere assertion of federal preemption as a defensive argument will not confer federal question subject matter jurisdiction. As stated by the Supreme Court in *Metropolitan Life Ins. Co. v. Taylor,*

> Federal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court. One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this se-
> lect group of claims is necessarily federal in character.

*Id.* at 63–64, 107 S.Ct. 1542.

To date, the Supreme Court has applied the doctrine of complete preemption to only a few federal statutes, most notably section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and section 1132(a) of the Employee Retirement Income and Security Act ("ERISA"). *Strong v. Telectronics Pacing Sys., Inc.,* 78 F.3d 256, 259 (6th Cir.1996); *Smith v. Provident Bank,* 170 F.3d 609 (6th Cir.1999); *see also El Paso Natural Gas Co. v. Neztsosie,* 526 U.S. 473, 484, 119 S.Ct. 1430, 143 L.Ed.2d 635 (1999) (Price–Anderson Act's unusual preemption provision resembles complete preemption doctrine). This past term, the Supreme Court also found that a state law usury claim was completely preempted by National Bank Act when that federal statute provided the exclusive cause of action against national banks for usury. *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003).

■■■■ In its Notice of Removal, Defendant asserts that Plaintiff's claim is governed exclusively by federal law, specifically, the Airline Deregulation Act of 1978, 49 U.S.C. § 40101 *et seq.* ("ADA"), and its implementing regulations, through which Congress created restrictions on State and local governments' ability to regulate airlines. The preemption provision of the ADA provides, in pertinent part:

> (b) Preemption.—(1) Except as provided in this subsection, a State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart.

49 U.S.C. § 41713. Thus, the critical issue before the Court is whether preemption under § 41713 results in Plaintiff's state law claim being converted to a federal claim, thus allowing for removal on that basis.[2] Courts have routinely answered that preemption under § 41713 does not result in complete preemption.

In *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244 (6th Cir.1996), the plaintiff brought state law claims against Federal Express, alleging that the carrier fraudulently told him that its two-day service was less expensive than its overnight service when the overnight service, in fact, cost less. The plaintiff alleged that, after choosing two-day service, he had paid a higher price for slower delivery. The district court dismissed for lack of subject matter jurisdiction. Addressing whether the ADA completely preempted the plaintiff's state law claims, the court of appeals agreed that it did not, reasoning:

> Examining the text of the ADA and its legislative history, we see no evidence that Congress intended the federal

courts to have exclusive jurisdiction over the preemption defenses to state law claims against air carriers. Quite to the contrary: if the Supreme Court was correct to state that the ADA, like ERISA, did not intend to "channel actions into federal court," *American Airlines*, 513 U.S. 219, 115 S.Ct. at 825,[3] then *only* a state court, or a federal court sitting in diversity, is an appropriate forum for resolution of [plaintiff's] claims.

*Musson Theatrical*, 89 F.3d at 1253 (emphasis in original). The Sixth Circuit thus affirmed the dismissal for lack of subject matter jurisdiction. *Id.; see also Strategic Assets, Inc. v. Federal Express Corp.*, 190 F.Supp.2d 1065, 1070 (M.D.Tenn.2001) (ADA did not completely preempt unjust enrichment and breach of contract claims); *City of Tipp City v. City of Dayton*, 204 F.R.D. 388 (S.D.Ohio 2001) (Rice, C.J.) (nuisance claim not completely preempted by ADA); *Litchfield v. United Parcel Serv., Inc.*, 136 F.Supp.2d 756 (S.D.Ohio 2000) (Sargus, J.) (state claim not completely preempted by the ADA). The Fifth and Ninth Circuits have also explicit-

---

**2.** The Court emphasizes that it is irrelevant, for purposes of this Court's subject matter jurisdiction, whether Plaintiff's claims are preempted by the ADA under conflict preemption. As stated, *supra*, conflict preemption is not a basis for federal question subject matter jurisdiction.

**3.** In *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995), the Supreme Court addressed whether the preemptive provision of the ADA precluded a class action suit by members of American Airlines' frequent flier program for breach of contract and violations of Illinois' consumer fraud statute. Although the issue before the Court was conflict preemption, not whether the ADA conferred subject matter jurisdiction on federal courts, it held that the plaintiff's breach of contract claims were not preempted, stating:

> Nor is it plausible that Congress meant to channel into federal courts the business of

resolving, pursuant to judicially fashioned federal common law, the range of contract claims relating to airline rates, routes, or services. The ADA contains no hint of such a role for the federal courts. In this regard, the ADA contrasts markedly with the ERISA, which does channel civil actions into federal courts, see ERISA §§§§ 502(a), (e), 29 U.S.C. §§§ 1132(a), (e), under a comprehensive scheme, detailed in the legislation, designed to promote "prompt and fair claims settlement." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54, 107 S.Ct. 1549, 1556, 95 L.Ed.2d 39 (1987); *see Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 143–145, 111 S.Ct. 478, 485–86, 112 L.Ed.2d 474 (1990) (finding ERISA's comprehensive civil enforcement scheme a "special feature" supporting preemption of common-law wrongful discharge claims).

513 U.S. at 232, 115 S.Ct. 817.

ly held that the preemption provision in the ADA does not provide a basis for complete preemption. *Wayne v. DHL Worldwide Express,* 294 F.3d 1179 (9th Cir.2002); *Sam L. Majors Jewelers v. ABX, Inc.,* 117 F.3d 922 (5th Cir.1997); *see also Vorhees v. Naper Aero Club, Inc.,* 272 F.3d 398, 403 (7th Cir.2001) (state law trespass claim was not completely preempted by the Federal Aviation Act).

Moreover, the Court notes that numerous courts have held that the Federal Aviation Act, as amended by the ADA, does not provide a private right of action. *See Musson, supra* (no express or implied right of action against an air carrier for deceptive advertising under the Airline Deregulation Act of 1978); *Margolis v. United Airlines, Inc.,* 811 F.Supp. 318 (E.D.Mich.1993) ("[T]he Federal Aviation Act of 1958(FAA), as amended by the Airline Deregulation Act of 1978(ADA), 49 U.S.C.A.App. § 1301–1551, does not preempt traditional state law claims for negligence and does not provide for a private right of action for violations of FAA regulations."); *Litchfield, supra; Smith v. United Airlines,* 2002 WL 31236392 (N.D.Ill. Oct.3, 2002). Thus, a state law claim could not be converted into a federal claim under that statute.

In summary, upon review of the relevant case law, the Court has found no basis for concluding that Plaintiff's claim is completely preempted by federal law. In particular, the Court has not found authority which has interpreted the ADA preemption provision such that an ostensibly state law claim falling within the scope of § 41713 is converted into a federal claim under the ADA.[4]

Moreover, on its face, section 41713 appears akin to 29 U.S.C. § 1144, the pre-emption provision for the Employee Retirement Income Security Act ("ERISA"). As with § 41713 of the ADA, section 1144 of ERISA provides that ERISA "shall supersede ... State laws insofar as they ... relate to any employee benefit plan." While state law claims may be preempted by section 1144 due to conflict preemption, it has not been interpreted to allow for removal to federal court under the doctrine of complete preemption. As stated by the Sixth Circuit in *Warner:* "Section 1144 ... allows ERISA to preempt state laws when they 'relate to' matters governed by ERISA but does not create a federal cause of action for matters which only 'relate to' ERISA's field of concern. Thus, § 1144 preemption does not create a federal cause of action itself." 46 F.3d at 534. Likewise, although § 41713 would preempt state and local laws which relate to prices, routes, and services, due to conflict preemption, it does not appear to create a federal cause of action under the ADA due to complete preemption. Accordingly, the Court concludes that Plaintiff's claim, which is based on a failure by an airline to follow procedures relating to an employee's termination, is not completely preempted and, further, that Defendant has presented merely a defensive preemption argument, which confers neither federal subject matter jurisdiction nor a basis for removal to this Court. *Cf.* 29 U.S.C. § 1144. Because the ADA does not provide the Court with subject matter jurisdiction over Plaintiff's claim, this action must be REMANDED.

For the foregoing reasons, Plaintiff's Motion for Remand (Doc. # 3) is SUSTAINED.

The captioned cause is REMANDED to the Montgomery County Court of Common Pleas from where it came.

---

4. The Court states no opinion, at this time, whether Plaintiff's claim to enforce the Peer Review Process falls within § 41713(b)(1) and is, therefore, preempted by the ADA. That determination is properly left to the state court.

Judgment is to be issued accordingly.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.