**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WAPATO HERITAGE LLC, a Washington limited liability company; KENNETH EVANS, individual resident of Washington State; JOHN WAYNE JONES, individual resident of Washington State; JAMIE JONES, individual resident of Washington State, | No. 10-35237<br><br>D.C. No. 2:07-cv-00314-EFS<br><br>MEMORANDUM[*] |
| Plaintiffs - Appellees, | |
| v. | |
| SANDRA D. EVANS, an individual not a resident of Washington State, | |
| Defendant - Appellant. | |

| | |
|---|---|
| WAPATO HERITAGE LLC, a Washington limited liability company; KENNETH EVANS, individual resident of Washington State; JOHN WAYNE JONES, individual resident of Washington State; JAMIE JONES, individual resident of Washington State, | No. 10-35288<br><br>D.C. No. 2:07-cv-00314-EFS |
| Plaintiffs - Appellants, | |

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

SANDRA D. EVANS, an individual not a resident of Washington State; DAN GARGAN, a citizen of Arizona,

    Defendants - Appellees.

---

WAPATO HERITAGE LLC, a Washington limited liability company; KENNETH EVANS, individual resident of Washington State; JOHN WAYNE JONES, individual resident of Washington State; JAMIE JONES, individual resident of Washington State,

    Plaintiffs - Appellees,

v.

SANDRA D. EVANS, an individual not a resident of Washington State,

    Defendant,

 and

DAN GARGAN, a citizen of Arizona,

    Defendant - Appellant.

No. 10-35348

D.C. No. 2:07-cv-00314-EFS

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

2

Before: FISHER, GOULD, and TALLMAN, Circuit Judges.

William Wapato Evans' heirs settled their dispute over his estate by executing a Settlement and Release Agreement ("Settlement Agreement"), which required, among other things, that his daughter Sandra Evans ("Sandra") make payments from her Individual Indian Money ("IIM") account in the form of a loan to a corporation owned by her nephews called Wapato Heritage, LLC. Sandra expected that the payments would require oversight and approval by the Bureau of Indian Affairs ("BIA"), and when the BIA said that she was free to authorize the payments without its approval, Sandra refused to authorize the payments. Wapato Heritage then sued her for breach of contract and sued her financial advisor, Dan Gargan ("Gargan"), for tortious interference with contract. The district court denied Sandra's motion to dismiss for lack of subject-matter jurisdiction, and entered summary judgment in favor of Gargan on the tortious interference claim and in favor of Wapato Heritage on the contract claim. Sandra appeals the denial of her motion to dismiss and the entry of summary judgment in favor of Wapato Heritage; Wapato Heritage appeals the entry of summary judgment in favor of

Gargan; and Gargan appeals the denial of his motion for attorneys' fees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Sandra challenges the district court's November 23, 2009 order denying her motion to dismiss for lack of subject-matter jurisdiction. The district court reasoned that it had federal question jurisdiction pursuant to 28 U.S.C. § 1331 because federal law sets conditions for the Settlement Agreement's validity and effectiveness. *See* 25 U.S.C. § 373 (requiring federal approval of probate distribution of Indian money and property); *see also In re Estate of Covington*, 450 F.3d 917, 924 (9th Cir. 2006) (stating that federal law controls Indian probate matters); 43 C.F.R. § 30.150 (delineating requirements for federal approval of settlement agreements resolving issues in such probate proceedings). We reject Sandra's challenge to jurisdiction for the reasons stated by the district court.[1]

We also agree that the district court properly entered summary judgment in favor of Wapato Heritage on the breach of contract claim. There was no genuine issue of material fact because the evidence showed that Sandra had not made the IIM loans required by the Settlement Agreement, and BIA approval was not a condition precedent to that obligation. Assuming without deciding that the BIA

---

[1]Although Sandra moved to dismiss for lack of subject-matter jurisdiction belatedly, the district court correctly recognized that a jurisdictional challenge cannot be waived. *Billingsley v. C.I.R.*, 868 F.2d 1081, 1085 (9th Cir. 1989).

erred by not subjecting the IIM loan payments to its review and approval, such error would not excuse Sandra's performance of the contract.[2]

Further, the award of summary judgment to Gargan on the tortious interference claim was correct because the evidence did not create a genuine issue of material fact as to whether he induced Sandra's breach of the Settlement Agreement. Wapato Heritage proffered only speculative evidence in support of its claim, which is insufficient to defeat summary judgment. *See Nolan v. Cleland*, 686 F.2d 806, 812 (9th Cir. 1982). Despite Gargan's success on this claim, the district court did not abuse its discretion by denying him attorneys' fees. Washington courts normally do not award attorneys' fees to prevailing parties absent a contract, statute, or recognized ground of equity, *see Rorvig v. Douglas*, 873 P.2d 492, 497 (Wash. 1994), and the district court acted within its discretion by not applying an exception to this rule.

---

[2] Sandra argues that the district court's summary judgment ruling was predicated on its erroneous resolution of a prior *in limine* motion excluding the testimony of damages expert Robert Duffy. We need not decide whether the *in limine* motion was resolved correctly or whether it affected the summary judgment ruling because Sandra waived the affirmative defense of offset, for which she sought to admit Duffy's testimony, by not pleading in her answer the theory she planned to argue at trial. *See Locke v. City of Seattle*, 137 P.3d 52, 61 (Wash. Ct. App. 2006) (stating that offset is an affirmative defense to be pled in the answer).

Finally, the district court did not abuse its discretion when it determined that Wapato Heritage did not properly preserve its argument that Sandra should be disinherited because of the will's no-contest clause.

The parties shall bear their own costs on appeal.

**AFFIRMED.**

*Wapato Heritage, LLC v. Evans*, No. 10-35237+

TALLMAN, Circuit Judge, dissenting in part:

While I substantially agree with my colleagues' analysis of the merits of Wapato Heritage's breach-of-contract claim, I am nevertheless compelled to dissent because I do not believe we have jurisdiction to undertake that analysis. To enforce the Settlement Agreement, Wapato brings a garden-variety state law contract claim that simply does not "arise under" federal law for the purposes of establishing federal question jurisdiction under 28 U.S.C. § 1331. Therefore, I would reverse the district court's denial of Evans' motion to dismiss for lack of federal question jurisdiction and remand for a determination as to whether Wapato Heritage can nonetheless establish jurisdiction through diversity of citizenship under 28 U.S.C. § 1332. I join my colleagues in affirming the district court's grant of summary judgment in favor of Gargan on the tortious interference claim.

State law supplies the substantive rules of decision for Wapato Heritage's breach-of-contract claim. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Federal question jurisdiction may nonetheless lie if this state law claim raises a substantial and disputed issue of federal law. *Grable & Sons Metal Prods., Inc. v. Darue*, 545 U.S. 308, 314 (2005). To be sure, there is a disputed issue of federal law raised in this case: whether 25 U.S.C. § 410 means that yet another BIA

1

approval beyond that obtained to settle the underlying probate litigation is required before Evans can assign payments from her IIM account to Wapato Heritage in fulfillment of her obligations under the Settlement Agreement. However, this issue was pleaded in defendant Evans' answer as an affirmative defense asserted to excuse her refusal to perform the contract. It is axiomatic that federal question jurisdiction is proper only when the disputed federal issue is necessarily raised by the plaintiff's well-pleaded complaint. *Grable*, 545 U.S. at 314; *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). A defense based on federal law, whether raised in the defendant's answer or anticipated by the plaintiff's complaint, is not sufficient to establish federal question jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 10; *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).

The fact that Wapato's contract claim necessarily raised the issue of the Settlement Agreement's validity, which depended on its approval by the BIA under 43 C.F.R. § 30.150, also does not establish federal question jurisdiction because the parties have never disputed this issue. *See Grable*, 545 U.S. 314 (noting that a federal issue raised in the plaintiff's complaint must be "actually disputed" to support federal question jurisdiction). Evans admitted in her answer that she and Wapato Heritage are parties to a settlement agreement which was approved both by

2

the Chelan County, Washington, Superior Court and by a BIA probate judge. In fact, rather than contesting the contract's validity, both parties' pleadings specifically argued that the terms of the Agreement were operative. What is disputed is not BIA's approval of the Settlement Agreement itself, but rather whether and how BIA must approve of specific disbursements from Evans' IIM account to Wapato Heritage under the Agreement. Because this issue arises only as an affirmative defense to the state law breach-of-contract claim, it does not establish federal question jurisdiction.

Despite the absence of any disputed issue of federal law raised by the plaintiff's complaint as required by the well-pleaded complaint rule, the majority concludes that we nonetheless have jurisdiction to enforce the settlement agreement simply because federal law requires federal approval of Indian wills, 25 U.S.C. § 373, and gives BIA probate judges the authority to approve settlement agreements resolving contested Indian probate proceedings, 43 C.F.R. § 30.150. However, this conclusion cannot be squared with controlling precedent. The Supreme Court has expressly declined to recognize any "inherent power" on the part of a federal court to enforce a settlement agreement simply because the agreement resolved a federal proceeding. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377-378 (1994). Rather, enforcement of such a settlement

3

agreement "requires its own basis for jurisdiction." *Id.* at 378; *see also Peabody Coal Co. v. Navajo Nation*, 373 F.3d 945, 949 (9th Cir. 2004) (holding that the "general federal regulatory scheme" governing Indian mineral leases did not establish federal jurisdiction to enforce an arbitration agreement made under such a lease when the plaintiff's claim sounded only in general contract law); *id.* at 951 ("[W]here the validity of a federally-regulated contract is not at issue, courts have not found a substantial federal question to be present.").

*Kokkonen* does suggest that a federal court may have jurisdiction to enforce a settlement agreement arising from its own proceedings if the court contemporaneously issues an order that specifically requires compliance with the agreement's terms, 511 U.S. at 381, or expressly retains jurisdiction to enforce the agreement, *id.* at 379. But that never happened in this case. The BIA probate judge's Order approving the Settlement Agreement directed only the distribution of the decedent's federal trust assets to Evans and Wapato Heritage—not the transfer of future payments from Evans to Wapato Heritage. Furthermore, far from expressly retaining jurisdiction to enforce the Agreement, the federal probate court said that it lacked jurisdiction to compel Evans to make the promised payments, and that a final order approving the settlement agreement would terminate its jurisdiction over the decedent's estate. The probate has long since been closed.

4

While *In re Estate of Covington*, cited by the majority, acknowledges that "federal law supplies the standards for determining valid execution and proper interpretation of [Indian] wills" during probate proceedings, it nowhere suggests that federal courts have automatic jurisdiction over a probate settlement agreement after probate has closed even if no federal law issue is raised by the plaintiff's complaint. 450 F.3d 917, 924 (9th Cir. 2006). Contrary to the majority's unsupported assertion, the mere fact that a federal probate court has approved the terms of a settlement agreement in no way implies that a federal district court has jurisdiction to enforce that agreement—especially when the probate court itself neither claimed nor retained that jurisdiction.

I am not eager to dismiss Wapato Heritage's breach-of-contract claim such that the litigation must start from scratch in state court. The parties and the district court have already labored over this claim for several years in the federal forum. The plaintiffs appear to present a strong case for relief, whereas Evans appears to have reserved her jurisdictional trump card until she faced defeat in federal court. But even these circumstances do not justify federal court adjudication of a claim that does not belong here. To the contrary, it is our duty not to proceed. *See Augustine v. U.S.*, 704 F.2d 1074, 1077 (9th Cir. 1983) ("The defense of lack of subject matter jurisdiction cannot be waived, and the court is under a continuing

5

duty to dismiss an action whenever it appears that the court lacks jurisdiction.").

Therefore, I respectfully dissent.